Susan **PEDRO**, Petitioner-Appellant,

v.

**OREGON PAROLE BOARD**,
Respondent-Appellee.

No. 86–4234.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 6, 1987.

Decided Aug. 24, 1987.

Stephen R. Sady, Portland, Or., for petitioner-appellant.

John A. Reuling, Jr., Salem, Or., for respondent-appellee.

---

* Hon. Albert Lee Stephens, Senior United States District Judge, Central District of California, sitting by designation.

1. Or.Rev.Stat. § 144.120 provides that "[w]ithin six months of the admission of a prisoner to any state penal or correctional institution, the board

Before GOODWIN and FERGUSON, Circuit Judges, and STEPHENS,* District Judge.

FERGUSON, Circuit Judge:

Petitioner Susan Pedro, an Oregon state prisoner, appeals the district court's denial of habeas corpus relief. Pedro, who is serving a life sentence for the murder of her husband, argues that the Oregon State Parole Board violated her right to due process in setting her prison term and release date. Pedro claims that the Board assigned her to a particular risk subcategory without sufficient evidence and failed to provide meaningful standards defining key terms in the parole guidelines. The district court dismissed, finding that the state parole statutes created no protected liberty interest. We affirm the denial of habeas corpus relief on the ground that petitioner received due process.

I.

Petitioner was convicted of murder under Or.Rev.Stat. § 163.115, for shooting her husband, and was sentenced to life imprisonment. After conviction, the Oregon Parole Board conducted a parole hearing, pursuant to Or.Rev.Stat. § 144.120, to determine petitioner's release date and prison term.[1] Under rules adopted by the Parole Board pursuant to Or.Rev.Stat. § 144.-780(1), the petitioner was given a criminal history/risk assessment score of 11, the most favorable rating. Her crime severity rating was 7. Her release date was then determined according to a guideline range which sets forth the ranges of months to be served before release for each crime severity rating and history/risk score.

The Parole Board set an initial release date of March 2, 1996, amounting to a

shall conduct a parole hearing to interview the prisoner and set the initial date of release on parole pursuant to subsection (2) of this section." (Subsection (2) refers to parole guidelines.)

prison term of 144 months, within the range for a crime severity rating of 7, subcategory 1, which is 120–168 months. Subcategory 1 applies in cases of conviction under Or.Rev.Stat. § 163.115, where the crime was "stranger to stranger," where there was cruelty to the victim, a prior conviction of murder or manslaughter, or evidence of "significant planning or preparation." Subcategory 2 applies to all other cases of murder.[2] The Parole Board placed petitioner in subcategory 1 because it found evidence of significant planning or preparation in the commission of the crime, apparently relying on the fact that the petitioner was the beneficiary of her husband's life insurance policy, and that she shot him in the head while he was in bed.

Petitioner appealed the Parole Board's determination of her release date to the Oregon Court of Appeals, which affirmed the determination. The Oregon Supreme Court denied review. In December 1985, petitioner filed for federal habeas corpus relief from an allegedly unconstitutional Parole Board determination. On September 10, 1986, the District of Oregon entered its opinion granting summary judgment for the state on the ground that the Oregon parole statutes applicable to petitioner's claim did not create a federally protected liberty interest. Petitioner timely appeals.

## II.

■ A district court's decision to grant or deny a petition for habeas corpus is reviewed de novo. *Weygandt v. Ducharme*, 774 F.2d 1491, 1492 (9th Cir.1985). In reviewing the district court's decision, the state court's factual conclusions are entitled to a presumption of correctness under 28 U.S.C. § 2254(d).

## III.

■ The district court denied the petitioner relief on the ground that she had no constitutionally protected liberty interest. However, this court need not decide the

issue of whether the Oregon statute created a protected liberty interest in early release prior to the parole hearing, since we conclude that petitioner has been afforded the protection due under *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). *See Bowles v. Tennant*, 613 F.2d 776, 778 (9th Cir.1980) (court need not decide whether federal parole statute creates a liberty interest, as parole Commission did not violate due process requirements of *Greenholtz*).

The gravamen of petitioner's claim is that the Parole Board erred at the hearing by assigning her to subcategory 1 of crime severity rating 7, rather than subcategory 2. She contends that there was insufficient evidence of "significant planning and preparation" to place her in subcategory 1, and that the absence of meaningful standards to define these terms implicates the due process interest in preventing arbitrary and capricious decisionmaking as well as the due process right to adequate notice.

The state concedes that the Board had no statutory guidance in choosing between subcategories 1 and 2, but argues that petitioner had been afforded all the process due under *Greenholtz*.

In *Greenholtz*, the Court noted that it is axiomatic that due process is flexible and calls for the procedural protections that particular situations demand. 442 U.S. at 12, 99 S.Ct. at 2106. In the context of a statute which, while creating a protected liberty interest, was "necessarily subjective in part," vesting "very broad discretion in the Board," *id.* at 13, 99 S.Ct. at 2107, the Court held that due process did not require that every adverse parole decision include a statement of evidence relied on by the Board. *Id.* at 15, 99 S.Ct. at 2107. The Court explained that "[t]o require the parole authority to provide a summary of the evidence would tend to convert the process into an adversary proceeding and to equate the Board's parole release determination

---

**2.** The state contends that evidence of the different subcategories is not properly in the record. The petitioner correctly points out that her argument about the subcategories was presented throughout the state court proceedings and before the district court, without objection from the respondent.

with a guilt determination." *Id.* at 15–16, 99 S.Ct. at 2107–2108. The Court rejected this approach, noting: "The Nebraska procedure affords an opportunity to be heard, and when parole is denied it informs the inmate in what respects he falls short of qualifying for parole; this affords the process that is due under these circumstances. The Constitution does not require more." *Id.* at 16, 99 S.Ct. at 2108.

Thus, since the setting of a minimum term is not part of a criminal prosecution, the full panoply of rights due a defendant in such a proceeding is not constitutionally mandated, even when a protected liberty interest exists. *See Wolff v. McDonnell,* 418 U.S. 539, 556, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974). The petitioner in the instant case had a hearing with written advance notice of the date and time, she had an opportunity to be heard, she was represented by a paralegal, she had access to all materials considered by the Board, and she submitted materials for the Board's consideration. The Board did not violate petitioner's expectation that, under the rules, a release date would be set within statutory guidelines and ranges; in this case, one of the two subcategories of severity category 7. Under *Greenholtz,* therefore, we conclude that the petitioner received all the process due. Her claim that due process requires the Board to articulate a standard definition of the term "significant planning and preparation" must therefore fail.

Neither do petitioner's allegations concerning the sufficiency of the evidence to assign her to subcategory 1 state a constitutional violation. The transcript of the parole board hearing shows that, as evidence of planning and preparation, the board members considered that the petitioner was a beneficiary under the victim's life insurance policy and that she shot the victim while he lay in bed. Petitioner argues that there is no proof that she was aware of the amount of the insurance or that she sought to collect on the policy. She also contends that the manner in which the offense occurred does not reveal any particular planning or preparation beyond that required to fulfill the intent element of

murder. She contends, therefore, that the board acted arbitrarily and capriciously in assigning her to subcategory 1, and that she should have been placed in subcategory 2, with its lower guideline range.

In reviewing state criminal convictions, federal courts have generally held that allegations concerning insufficiency of evidence are not proper matters for federal habeas corpus, absent a deprivation of due process. *Faust v. North Carolina,* 307 F.2d 869 (4th Cir.1962), *cert. denied,* 371 U.S. 964, 83 S.Ct. 547, 9 L.Ed.2d 511 (1963). Similarly, on petition for habeas corpus, the federal court's scope of review of parole board decisions is very limited. *United States ex rel. O'Connor v. MacDonald,* 449 F.Supp. 291, 296 (D.Ill.1978). If there is no constitutional violation, therefore, the court may not substitute its decision for that of the Board. *See Zannino v. Arnold,* 531 F.2d 687 (3d Cir.1976). Since we conclude that the Board's procedures afforded Pedro due process, we will not overturn the Board's decision to assign her to subcategory 1.

We conclude, therefore, that the district court was correct in denying petitioner's claim for habeas corpus relief, since, under the standards enunciated by the Court in *Greenholtz* and *Wolff,* petitioner was afforded the process due in the Parole Board's determination of her minimum term and release date. We do not reach the issue decided by the district court of whether Ms. Pedro had a protected liberty interest prior to the Parole Board hearing, but, in reviewing decisions of the district court, this court may affirm on any ground finding support in the record. *Smith v. Block,* 784 F.2d 993, 996 n. 4 (9th Cir.1986). The district court's denial of habeas corpus relief is therefore

AFFIRMED.