Argued and submitted March 10, affirmed May 3, reconsideration denied July 7, petition for review denied August 1, 1989 (308 Or 197)

# KEN JAMES JARVIS,
*Petitioner,*

*v.*

# STATE BOARD OF PAROLE,
*Respondent.*

## (CA A48953)

773 P2d 3

Steven H. Gorham, Salem, argued the cause for petitioner. On the brief was Gary D. Babcock, Public Defender, Salem.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Philip Schradle, Assistant Attorney General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

GRABER, P. J.

## GRABER, P. J.

Petitioner seeks review of an order setting his parole release date. ORS 144.335. We affirm.

Petitioner argues that the Board erred in applying risk aggravation factors B (threat or act of violence toward victims) and C (victims were particularly vulnerable). ORS 183.482(8); *see* OAR 255-35-035, Exhibit E. He asserts that the Board could not apply those factors, because the facts underlying them duplicated the elements of the crimes of which he was convicted (two counts of sodomy I and one count of sodomy II). An aggravating factor that constitutes a defining element of the crime may not also constitute an aggravating factor in determining a prisoner's parole release date. OAR 255-35-035(1)(b).

■ The Board found factor B, act of violence, based on the fact that petitioner beat one of the two victims on the vulva with a clenched fist after sodomizing her. That violent behavior is not a material element of sodomy I or II.

■ The Board also found that the victims were "particularly vulnerable" (factor C) and that both were under 12 years old. With respect to sodomy II, age *can be* an element of the crime. ORS 163.395. Assuming that the victims' being under 14 was an element of the crime in this case, age under 12 was not. For that reason, the aggravating factor did not duplicate an element of the crime of sodomy II.

More importantly, victims' "particular vulnerabilities" and their ages are not necessarily coextensive, and age as a defining element of an offense is not the same "particular vulnerability" due to the victims' youth. Under ORS 163.405, in which age under 12 *can be* an element of sodomy I,[1] a victim who is (for example) 11 and one-half years old and who does not suffer unusually great trauma might not be "particularly vulnerable." Victims who, like the girls here, are

---

[1] It is not clear that petitioner was convicted of sodomy I on the basis of the victims' ages. With respect to one of the girls, the presentence report reveals that he threatened and hit her, which could constitute "forcible compulsion." ORS 163.405. If that were the basis for the conviction, then a particular vulnerability due to youth plainly would not be coextensive with an element of the crime. Because the trial record is not before us, we cannot determine what evidence was introduced at defendant's trial.

four and seven, might be "particularly vulnerable" by reason of extreme youth, *as well as* being "under 12." In other words, aggravation factor C is not an element of sodomy II or sodomy I; factor C requires something more, which the Board properly found here. The Board's finding of aggravation factor C incorporated the words of that factor ("Knew or had reason to know the victims were particularly vulnerable [i.e., aged, handicapped, very young]"), as well as the additional fact that the "victims were all under 12 years old."

The state argues that ORS 144.787[2] authorizes the Board's *findings* under factor C. However, that statute only directs the Board to adopt *rules* providing, *inter alia,* that in sexual assault cases a victim's "particular vulnerability * * * due to * * * youth * * * shall constitute an aggravating circumstance * * *." OAR 255-35-035, Exhibit E, does that. The statute does not, as the state argues, authorize the Board to use an element of the offense as an aggravating factor.

Petitioner makes three additional arguments. He contends that the hearing at which the Board set his parole date did not comport with due process, because his hearing impairment prevented him from fully understanding and participating in the proceedings. We have reviewed the transcript and conclude that, as a result of the efforts of Board members and the assistance of a corrections officer, petitioner fully and effectively participated in the hearing.

Next, petitioner relies on OAR 255-35-022 to urge that the Board was *required* to treat the sentences as concurrent instead of consecutive. That rule grants discretion to the Board, which we are not authorized to reexamine. *See Evensizer v. Board of Parole,* 301 Or 403, 406, 723 P2d 318 (1986).

Finally, petitioner asserts that the Board failed to give adequate reasons for its decision not to treat his consecutive sentences as concurrent. That argument lacks merit.

---

[2] ORS 144.787 provides:

"The advisory commission on prison terms and parole standards and the State Board of Parole shall provide, in rules adopted under ORS 144.785, that, in the case of a crime involving a physical or sexual assault, a victim's particular vulnerability to injury in such case due to the victim's youth, advanced age or physical disability, shall constitute an aggravating circumstance justifying a variation from the range of duration of imprisonment otherwise applicable in the case."

*See Anderson v. Board of Parole,* 303 Or 618, 740 P2d 760 (1987).

Affirmed.