963 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth James JARVIS, Petitioner-Appellant,
v.
Carl ZENON, Superintendent, OSCI, Respondent-Appellee.
 No. 91-35601.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1992.*
Decided May 12, 1992.
 
 1
 Before WALLACE, Chief Judge, GOODWIN, Circuit Judge, and LEVI,** District Judge.
 
 MEMORANDUM
 
 2
 Jarvis appeals the district court's order denying his petition for a writ of habeas corpus. He raises three issues in this appeal relating to actions taken by the Oregon Board of Parole (Board). He argues that the Board: (1) denied him due process at his hearing; (2) erred in finding certain aggravating factors which were also elements of the offenses for which he was convicted; and (3) erred in running his sentences consecutively rather than concurrently. The district court had jurisdiction pursuant to 28 U.S.C. § 2254. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 2253. We affirm.
 
 
 3
 We review de novo the district court's denial of a petition for a writ of habeas corpus. Bruni v. Lewis, 847 F.2d 561, 563 (9th Cir.), cert. denied, 488 U.S. 960 (1988), cert. denied 489 U.S. 1055 (1989). The district court's factual findings, however, are reviewed for clear error, Taylor v. Kincheloe, 920 F.2d 599, 601 (9th Cir.1990), and the state courts' factual findings are entitled to a presumption of correctness when fairly supported by the record. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 551 (1981).
 
 I.
 
 4
 Jarvis, who is hearing impaired, alleges that he was denied due process of law at his Board hearing because he was unable to understand what was transpiring, and as a result, was unable to present a defense. He contends that the Board should have either ordered a continuance of the hearing or provided an interpreter, citing Oregon Revised Statute § 133.515.
 
 
 5
 Parole decisions are not part of the criminal prosecution, and "the full panoply of rights due a defendant in such a proceeding is not constitutionally mandated, even when a protected liberty interest exists." Pedro v. Oregon Parole Board, 825 F.2d 1396, 1399 (9th Cir.1987), cert. denied, 484 U.S. 1017 (1988). The district court assumed, without deciding, that Oregon's parole statutes give rise to a liberty interest entitling prisoners to due process, but determined that Jarvis could not show that a violation of such rights had occurred. Without reaching the question whether section 133.515 gives Jarvis a constitutionally protected liberty interest, we agree with the district court's ruling on the merits.
 
 
 6
 Jarvis first argues that section 133.515 required the Board to appoint a qualified interpreter to assist him during the hearing. Assuming this were true, and that the statute applied in this case, Jarvis would be entitled to a hearing before being deprived of his right to an interpreter. Board of Regents v. Roth, 408 U.S. 564, 569-70 (1972). The district court found, however, that Jarvis did not complain that he had been denied a hearing. Rather, the gravamen of Jarvis's claim is whether the Board violated his due process rights at the hearing. Jarvis has pointed to nothing in the record suggesting that he had requested a hearing to determine whether an interpreter should be appointed, or even that he had requested an interpreter at all.
 
 
 7
 Even if Jarvis had requested an interpreter, he was not deprived of due process. We have previously held that to satisfy due process, the Board must afford the prisoner an opportunity to be heard, an opportunity for representation, access to all materials considered by the Board, and the opportunity to submit materials for the Board's consideration. Jancsek v. Oregon Board of Parole, 833 F.2d 1389, 1390 (9th Cir.1987). In addition, the Board's decision must be based on some supporting evidence evincing some indicia of reliability. Id. The Oregon Court of Appeals concluded that "as a result of the efforts of Board members and the assistance of a corrections officer, [Jarvis] fully and effectively participated in the hearing." Jarvis v. State Board of Parole, 96 Or.App. 322, 325, 773 P.2d 3, 5 (1989). In addition, the district court, after reviewing the transcript of the hearing, determined that Jarvis was able to participate in an effective and meaningful manner.
 
 
 8
 Although the record lends some support to Jarvis's claim that he had difficulty hearing during the proceedings, the record also reveals that the efforts of the Board members and the corrections officer enabled Jarvis to participate in a meaningful way. The Board members' questions were repeated to Jarvis by the corrections officer when he could not hear them. In addition, Jarvis was given the opportunity to, and in fact did, raise issues at the hearing regarding the presentence report. We conclude that the findings of the state appellate court are supported by substantial record evidence that they are presumed correct, and the finding of the district court is not clearly erroneous.
 
 
 9
 Jarvis also argues that the Board's failure to provide an interpreter violated his right to equal protection. The district court declined to consider this argument because Jarvis did not present it to the state court. We agree with the district court that Jarvis is procedurally barred from raising this argument for the first time in his petition for a writ of habeas corpus. See Engle v. Isaac, 456 U.S. 107, 129 (1982).
 
 II.
 
 10
 Jarvis next contends that the Board's application of certain "risk aggravating factors" to the determination of his parole release date violated the eighth amendment because they were elements of the offense for which he was convicted. The eighth amendment does not preclude a state from creating a sentencing scheme in which a single factor is both an element of the offense and an aggravating factor. Lowenfield v. Phelps, 484 U.S. 231, 246 (1988); McKenzie v. Risley, 842 F.2d 1525, 1539 (9th Cir.), cert. denied, 488 U.S. 901 (1988). However, Jarvis argues, that Oregon law prohibits use of the same factor as an element of an offense and as an aggravating factor, and that any deviation from this procedure would violate due process. See Or.Admin.R. 255-35-035(1)(b).
 
 
 11
 Jarvis pled guilty to sodomy I and II. Sodomy I, or deviate sexual intercourse, is defined in part as occurring when (a) the victim is subjected to forcible compulsion by the actor; or (b) the victim is under 12 years of age. Or.Rev.Stat. § 163.405(1). Sodomy II requires that the victim be under 14 years of age. Id. § 163.395(1).
 
 
 12
 Jarvis asserts that aggravating factor B, "[t]hreat or violence toward witness or victim," is an element of sodomy I and II. The Board found that Jarvis had threatened to hurt one of the victim's if she told anyone about his actions, and that he struck one of the victims in the vagina. Neither threats of violence, nor gratuitous violence by the actor, is an element of either sodomy I or II. Thus, the aggravating factor was justifiably applied to Jarvis's threats and acts of violence; acts which exceeded the statutory "compulsion" element of sodomy.
 
 
 13
 Jarvis also argues that the Board improperly imposed aggravating factor C: whether the actor "[k]new or had reason to know that the victims were particularly vulnerable (i.e. aged, handicapped, very young)." The Board found this aggravating factor present because the victims were both under the age of 12. Although a victim must be under 14 years of age for sodomy II, and can be under 12 years of age for sodomy I, the Oregon Court of Appeals has determined that "victims' 'particular vulnerabilities' and their ages are not necessarily coextensive, and age as a defining element of an offense is not the same 'particular vulnerability' due to the victims' youth." Jarvis, 96 Or.App. at 324-25, 773 P.2d at 4.
 
 
 14
 Absent extraordinary circumstances, we are bound by the state courts construction of state law. Mullaney v. Wilbur, 421 U.S. 684, 691 (1975). A reading of the plain language of the statutes at issue here reveals that the aggravating factors do not necessarily overlap with the elements the crime of sodomy. "Victims who, like the girls here, are four and seven, might be 'particularly vulnerable' by reason of extreme youth, as well as being 'under 12.' " Jarvis, 96 Or.App. at 324-25, 773 P.2d at 4 (emphasis in original). Therefore, we conclude that the aggravating factor, as interpreted by the Oregon courts, does not violate Oregon law. Even if Jarvis raised this issue properly under the eighth amendment or due process, his claim would still fail.
 
 III.
 
 15
 Finally, Jarvis contends that the Board failed to provide adequate written reasons for deciding not to run his sentences concurrently, in violation of Oregon Revised Statute § 144.135 and due process. Jarvis did not raise this issue, however, in his petition for a writ of habeas corpus. And even had he raised the issue, the Oregon Supreme Court has provided that where the Board decides not to override minimum sentences, "justification or 'detailed bases' for such Board action are simply that there are not enough votes to override." Anderson v. Board of Parole, 303 Or. 618, 626, 740 P.2d 760, 765 (1987). Therefore, even if a federal constitutional claim were involved, the Board was not required to make detailed findings supporting its decision to uphold the judicially imposed minimum sentences. Jarvis's claim is without merit.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable David F. Levi, United States District Judge, Eastern District of California, sitting by designation