Submitted on petitioner's petition for reconsideration March 30, reconsideration allowed; opinion (111 Or App 659, 825 P2d 298) withdrawn; affirmed August 26, 1992

# DION HAYES,
*Petitioner,*

*v.*

# BOARD OF PAROLE,
*Respondent.*

(CA A67392)

836 P2d 767

Sally L. Avera, Public Defender, and Lawrence J. Hall, Deputy Public Defender, Salem, for petition.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner seeks review of our decision dismissing his petition for judicial review of an order of the Board of Parole. 111 Or App 659, 825 P2d 298 (1992). We allow reconsideration, ORAP 9.15, withdraw the opinion and address the merits of the original petition. *See Owens v. Board of Parole*, 113 Or App 507, 834 P2d 547 (1992). We review for substantial evidence to support the Board's findings and for errors of law. ORS 183.482(7), (8)(c).

Petitioner was sentenced to three consecutive five-year terms of imprisonment on the basis of three convictions for rape in the first degree. At his prison term hearing, the Board of Parole established a history risk score of 8, a crime severity rating of 6 and a matrix of 63 to 65 months. Petitioner does not challenge those findings. The Board added one and a portion of one standard deviation for aggravation factor C, for a total prison term of 72 months. Petitioner challenges the use of aggravation factor C.

OAR 255-35-013, Exhibit E-1, defines aggravation factor C:

"Knew or had reason to know the victims were particularly vulnerable i.e., aged, handicapped, very young. (Pursuant to ORS 144.787, in cases of physical or sexual assault, a victim's particular vulnerability or injury shall constitute an aggravating factor.)"

The Board recited in its order that the victim was nine years old. Petitioner claims that the Board inappropriately applied the factor, because it relied solely on the victim's age, contrary to *Jarvis v. State Board of Parole*, 96 Or App 322, 773 P2d 3, *rev den* 308 Or 197 (1989). Petitioner is wrong. The record demonstrates that the Board relied, not only on the child's age, but also on her "particular vulnerability." The Board noted that "the victim was particularly vulnerable in that the defendant was her uncle and also living at her grandmother's house," where the rapes took place. The Board's finding of aggravation factor C is supported by substantial evidence in the record.

Petitioner's other arguments do not require discussion.

Reconsideration allowed; opinion withdrawn; affirmed.