979 F.2d 857
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark James WILSON, Petitioner-Appellant,
v.
Manfred MAASS, Respondent-Appellee.
 No. 91-36078.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1992.*
Decided Nov. 20, 1992.
 
 Before TANG, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Oregon state prisoner Mark James Wilson appeals the district court's denial of his petition for habeas corpus which challenged the state parole board's ("Board") decision to deny parole. Wilson was sentenced to two life terms following his convictions for aggravated murder and felony murder. He contends that (1) he was denied a full and fair hearing in violation of his due process rights, (2) that the district court erred by denying a federal evidentiary hearing, and (3) that his sentence constitutes cruel and unusual punishment. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 BACKGROUND
 
 3
 On May 16, 1988, Wilson was convicted in Oregon of felony murder under Or.Rev.Stat. ("ORS") § 163.115 and aggravated murder under ORS § 163.095. Wilson was sentenced to serve two consecutive life terms. On April 13, 1989, the Board held a parole hearing pursuant to ORS § 144.120. The Board considered Wilson's presentence report, letters and testimony from the victims' family, and letters from the prosecuting attorney and Wilson. The Board denied parole based, in part, on his uncharged criminal conduct and on the heinous nature of the offense.
 
 
 4
 After exhausting his state remedies, Wilson filed for federal habeas corpus relief from the allegedly unconstitutional Board determination. On September 18, 1991, the district court denied Wilson's petition for relief. Wilson timely appealed.
 
 DISCUSSION
 
 5
 As a preliminary matter, the respondent, Oregon State Penitentiary ("State"), argues that the issues raised by Wilson are not "justiciable" because the Oregon statutes provide an opportunity for Wilson to petition for a new parole hearing after serving 20 years, and every two years thereafter.
 
 
 6
 ORS §§ 144.110-144.305 govern the parole process and provide that a prisoner is entitled to an initial parole hearing during the first year of admission into the correctional facility for the purpose of setting an initial parole release date. ORS § 144.120(1)(a). The only exception to these provisions is for prisoners convicted of aggravated murder. ORS § 144.110(2)(b).[1]
 
 
 7
 Nevertheless for those convicted of aggravated murder, the Oregon Administrative Rules ("OAR") provide that a prison term hearing shall be scheduled within one year of admission to set a "review date congruent with the minimum [prison] terms ... rather than a parole release date." OAR 255-32-005.
 
 
 8
 Here, Wilson was convicted of felony murder and sentenced to life imprisonment. For that conviction, he was entitled to a parole hearing to determine his initial parole release date within one year of his admission to the correctional facility. ORS § 144.120(1)(a).
 
 
 9
 The Board held a hearing and denied parole. Although the Board had no authority to deny or grant parole on his aggravated murder conviction, ORS § 144.110(2)(b), its decision on the felony murder conviction could still result in Wilson's spending his whole life in prison. Thus, the Board's decision was a proper basis for Wilson's present challenge. See Pedro v. Oregon Parole Bd., 825 F.2d 1396, 1398 (9th Cir.1987) (petitioner may challenge parole board's decision under section 2254), cert. denied, 484 U.S. 1017, 108 S.Ct. 726, 98 L.Ed.2d 675 (1988).
 
 A. Due Process
 1. Opportunity to Review Letter
 
 10
 Wilson contends that the Board violated his due process rights by failing to provide him with a copy of a letter written by the prosecuting attorney, which Wilson claims was vindictive. He argues that the Board violated its own rules by failing to allow him access to all the materials considered by the Board. Wilson's contentions lack merit.
 
 
 11
 On federal habeas, "[t]he issue for [this court], always, is whether the state proceedings satisfied due process; the presence or absence of a state law violation is largely beside the point." Jammal v. Van de Kamp, 926 F.2d 918, 919-20 (9th Cir.1991). "Inmates are not entitled to be apprised of all the evidence relied upon by a parole board in rendering its decision.... Due process requires no more than an opportunity to be heard and notification of the parole board's reasons for denying parole." Bermudez v. Duenas, 936 F.2d 1064, 1066 (9th Cir.1991) (citation omitted).
 
 
 12
 Here, Wilson was present at the parole hearing, and the Board repeatedly invited him to respond to the evidence presented. The Board verbally and in writing informed Wilson that parole was denied because of Wilson's "particularly violent and otherwise dangerous criminal conduct, manifesting an extreme indifference to the value of human life." Under the standard set forth in Bermudez, Wilson received all the process he was due, notwithstanding the Oregon rule. See Bermudez, 936 F.2d at 1066.[2]
 
 2. Denial of Continuance
 
 13
 Wilson contends that the Board violated his due process rights by denying his request for a continuance so that Wilson could review his case file and submit "positive material about [his] life ... into the parole record for consideration at a later date."
 
 
 14
 Wilson frames his argument as a denial of his opportunity to be heard. As discussed above, however, the Board allowed him every opportunity to speak at his hearing. See Bermudez, 936 F.2d at 1066.[3] Therefore, the district court did not err by concluding that the denial of a continuance did not violate due process. See id., 936 F.2d at 1066.
 
 3. Vagueness
 
 15
 Wilson argues that "the administrative rules and statutes governing the denial of parole are unconstitutionally vague because they result in arbitrary decisions." He goes on to assert that the Board's decision to deny parole was arbitrary because its explanation was inadequate.
 
 
 16
 Here, the Board in its written and oral findings based its decision to deny parole on Wilson's "particularly violent and otherwise dangerous criminal conduct, manifesting an extreme indifference to the value of human life." In addition, the Board found aggravating factors that justified its determination.[4] Wilson's allegations that the Board's decision was based on emotion is baseless given the Board's detailed written and oral explanations. See Pedro, 825 F.2d at 1399. These findings were supported by the record and nothing suggests that the Board acted arbitrarily. See id.
 
 B. Evidentiary Hearing
 
 17
 Wilson contends that he was entitled to an evidentiary hearing. He asserts that an evidentiary hearing was necessary to show that the Board's decision was based on emotion and public pressure to deny parole. Wilson's contention is utterly without merit.
 
 
 18
 This court may decline to review a habeas claim if the petitioner failed to raise the claim in the petition and the district court did not address the claim. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987) (issue not raised in habeas corpus petition and not addressed by district court is waived). That is the case here.
 
 
 19
 Wilson first requested a federal evidentiary hearing in his response to the State's motion to deny habeas corpus relief. Wilson spoke generally about "factual disputes outside the parole board record" and the need for an evidentiary hearing "to consider not just this first factual dispute but all of the factual issues as they relate to all of the legal issues in this case." The district court denied Wilson's request for an evidentiary hearing because it had "no idea to what factual disputes the petitioner [was] referring."[5] Thus, because Wilson did not raise this issue in his petition and the district court did not address it, we decline to review Wilson's evidentiary hearing claim. See Willard, 812 F.2d at 465.[6]
 
 C. Cruel and Unusual Punishment
 
 20
 Wilson contends that the Board's decision guarantees that he "will die in prison." He argues that such a predicament is cruel and unusual punishment for an 18-year-old, and that it is disproportionate to the crime.
 
 
 21
 "To determine whether a sentence imposes cruel and unusual punishment, we consider whether the sentence is disproportionate to the crime committed." Eckert v. Tansy, 936 F.2d 444, 448 (9th Cir.1991). "Generally, so long as the sentence imposed does not exceed the statutory maximum, it will not be overturned on eighth amendment grounds." United States v. McDougherty, 920 F.2d 569, 576 (9th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 1119, 113 L.Ed.2d 227 (1991). In determining the constitutionality of a sentence, this court considers "(1) the gravity of the offense and harshness of the penalty; (2) the comparison with sentences imposed on other criminals in the same jurisdiction; and (3) where appropriate, the comparison with sentences imposed for commission of the same crime in other jurisdictions." Id.
 
 
 22
 Wilson brutally killed one person and was legally culpable of the death of another person. He was convicted of aggravated murder and felony murder, and his life sentences were within the prescribed statutory range. See ORS § 163.105. Wilson has failed to present any facts showing that his sentence was disproportionate to any other sentences for similar or more serious crimes. See McDougherty, 920 F.2d at 576. A lifetime in prison for depriving two other people of their lives can hardly be called disproportionate to the crime.
 
 
 23
 At any rate, Wilson's sentence, as such, is not before this court. Wilson's claim is simply that the Board's failure to grant parole was in itself cruel and unusual. However, he cites no authority for that proposition, and in this case there does not appear to be any reason to subject the Board's decision to an analysis separate from analysis of the sentence itself. Cf. Baumann v. Arizona Dep't. of Corrections, 754 F.2d 841, 846 (9th Cir.1985) (emotional distress from failure of official to allow release from prison is not cruel and unusual punishment); Jonas v. Wainwright, 779 F.2d 1576, 1577 (11th Cir.) (change of parole date after an escape was not cruel and unusual punishment), cert. denied, 479 U.S. 830, 107 S.Ct. 115, 93 L.Ed.2d 62 (1986).
 
 
 24
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Prisoners convicted of aggravated murder and sentenced to life imprisonment must serve 20 years before they can petition for a parole hearing. ORS § 163.105(2). Only at that time does the parole board have the authority to consider the possibility of releasing the prisoner on parole. ORS § 144.110(2)(b); ORS § 163.105(2)
 
 
 [2]
 Wilson argues that Bermudez is distinguishable because he was not aware that the prosecutor's letter existed until after his hearing. Nevertheless, Bermudez' holding does not turn on the petitioner's knowledge of the contents of the file. See Bermudez, 936 F.2d at 1066
 
 
 [3]
 Moreover, Wilson failed to identify any mitigating evidence that may have existed and thus failed to show that the denial of a continuance actually prejudiced him. See United States v. Shirley, 884 F.2d 1130, 1135 (9th Cir.1989) (party seeking continuance of trial must show actual prejudice resulting from denial)
 
 
 [4]
 The aggravating factors included Wilson's uncharged criminal conduct arising from the same factual background, his admitted criminal conduct preceding the instant offense conduct, and his callous behavior during and after the criminal episode
 
 
 [5]
 Wilson failed to present any evidence to support the existence of a factual dispute concerning the alleged negative publicity, and the transcript of Wilson's parole hearing did not suggest any impropriety on the Board's part. It is no surprise the district court was unable to recognize, let alone address, Wilson's claim
 
 
 [6]
 In any event, Wilson was not entitled to a federal evidentiary hearing under the standard set forth in Keeney v. Tamayo-Reyes, --- U.S. ----, 112 S.Ct. 1715, 1721, 118 L.Ed.2d 318 (1992)