## RAYMOND BOXBERGER,
*Petitioner,*

*v.*

## BOARD OF PAROLE AND
## POST-PRISON SUPERVISION,
*Respondent.*

(CA A72853)

858 P2d 1356

Lawrence J. Hall, Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Sally L. Avera, Public Defender, Salem.

Harrison Latto, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DURHAM, J.

**DURHAM, J.**

Petitioner was convicted of three counts of first degree sodomy, ORS 163.405,[1] and sentenced to three consecutive terms of ten years imprisonment, each with a minimum term of 40 months. Petitioner seeks review of the order of the Board of Parole establishing his initial release date according to the judicially-imposed minimum sentence. We review for errors of law and substantial evidence, ORS 144.335(3), ORS 183.482(8), and affirm.

■ Petitioner was convicted of sodomizing his three grandchildren, who were four, two and less than one year old. The Board found, as an aggravating factor, that petitioner "[k]new or had reason to know the victims were particularly vulnerable (i.e., aged, handicapped, very young)." OAR 255-35-016. Petitioner claims that the Board improperly based that factor on the age of the victims because age of the victim can be an element of first degree sodomy. *See Jarvis v. State Board of Parole*, 96 Or App 322, 773 P2d 3, *rev den* 308 Or 197 (1989). Petitioner is incorrect. In addition to the victims' ages, the record shows that they were petitioner's grandchildren and lived in the same home with him. *See Hayes v. Board of Parole*, 115 Or App 36, 836 P2d 767 (1992). In addition, the victims were not simply under 12 years of age, they were substantially younger than 12. As we explained in *Jarvis v. State Board of Parole, supra*,

"[V]ictims' 'particular vulnerabilities' and their ages are not necessarily coextensive, and age as a defining element of an offense is not the same 'particular vulnerability' due to the victims' youth. Under ORS 163.405, in which age under 12 *can be* an element of sodomy I, a victim who is (for example) 11 and one-half years old and who does not suffer unusually

---

[1] ORS 163.405 provides, in part:

"(1) A person who engages in deviate sexual intercourse with another person or causes another to engage in deviate sexual intercourse commits the crime of sodomy in the first degree if:

"(a) The victim is subjected to forcible compulsion by the actor;

"(b) The victim is under 12 years of age;

"(c) The victim is under 16 years of age and is the actor's brother or sister, of the whole or half blood, the son or daughter of the actor or the son or daughter of the actor's spouse; or

"(d) The victim is incapable of consent by reason of mental defect, mental incapacitation or physical helplessness."

great trauma might not be 'particularly vulnerable.' Victims who, like the girls here, are four and seven, might be 'particularly vulnerable' by reason of extreme youth, *as well* as being 'under 12.' " 96 Or App at 324. (Footnote omitted; emphasis in original.)

The Board did not err in finding that the victims were particularly vulnerable.

Petitioner also argues that we should remand for the Board to consider as a mitigating factor his assertion that he reported his son to Children's Services Division for sexually abusing the same children. The Board's order shows that it considered but rejected that contention.

■    Finally, petitioner argues that the Board failed to give sufficient reasons for not overriding or unsumming the judicially-imposed consecutive minimum sentences. However, the only explanation necessary for the Board's refusal to override a minimum sentence is that there were insufficient votes to override it. *Anderson v. Board of Parole*, 303 Or 618, 625, 740 P2d 760 (1987). The same is true of a refusal to make consecutive sentences concurrent. *Jarvis v. State Board of Parole, supra*, 96 Or App at 325. The Board did that.

Affirmed.