17 F.3d 394
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Christopher Alan CROSS, Petitioner-Appellant,
v.
Carl ZENON, Respondent-Appellee.
 No. 93-35323.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 7, 1994.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Christopher Alan Cross, an Oregon state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993) and affirm.
 
 
 3
 Cross contends that the Oregon Board of Parole violated his fourteenth amendment right to due process when it affirmed his minimum sentence by relying on false information. This contention lacks merit.
 
 
 4
 A prisoner has no constitutional right to be conditionally released before the expiration of a valid sentence. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1978); Bermudez v. Duenas, 936 F.2d 1064, 1067 (9th Cir.1991). A state statute may create an expectation of parole so that the statute creates a liberty interest protected by the due process clause. Board of Pardons v. Allen, 482 U.S. 369, 373 (1987); Bermudez, 936 F.2d at 1067. However, the appellate court need not decide whether a state statute creates a protected liberty interest in early release if the prisoner was afforded all the due process protection required under Greenholtz. Pedro v. Oregon Parole Bd., 825 F.2d 1396, 1398 (9th Cir.1987), cert. denied, 484 U.S. 1017 (1988).
 
 
 5
 A parole release determination is not subject to all the due process protections of an adversary proceeding. Pedro, 825 F.2d at 1398-99; see also Greenholtz, 442 U.S. at 12 (explaining that due process is flexible and calls for procedural protections that particular situations demand). "[S]ince the setting of a minimum term is not part of a criminal prosecution, the full panoply of rights due a defendant in such a proceeding is not constitutionally mandated, even when a protected liberty interest exists." Pedro, 825 F.2d at 1399; Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir.1987). The Court in Greenholtz found that the Nebraska parole procedure satisfies due process, because it "affords an opportunity to be heard, and when parole is denied it informs the inmate in what respects he falls short of qualifying for parole." Greenholtz, 442 U.S. at 16.
 
 
 6
 Here, assuming that an Oregon prisoner has a protected liberty interest in the parole board's determination of his minimum term and release date, Cross received all the process due.[1] Cross had an opportunity to be heard and the parole board informed Cross as to the reasons for upholding his minimum sentence. See Greenholtz, 442 U.S. at 16. In addition, Cross had advance notice of the hearing date and time, he was represented by his attorney at the hearing, and he offered mitigating factors for the Board's consideration. See Pedro, 825 F.2d at 1399; Jancsek, 833 F.2d at 1390.[2]
 
 
 7
 Moreover, Cross's sole claim on appeal is that the board members violated his due process rights because they relied on false information in the presentence investigation report. In support of this claim, Cross has obtained an affidavit from Linda Jaramillo, one of the purported victims, which contradicts some of the information in the presentence investigation report. Cross did not present this information to the parole board prior to the hearing: the hearing occurred on May 13, 1990 and the affidavit is dated August 15, 1991. Cross cannot demonstrate that the parole board violated his due process rights based on information which arose after the parole hearing.[3] Accordingly, the district court properly denied the habeas petition since Cross received adequate due process. See Pedro, 825 F.2d at 1399; Jancsek, 833 F.2d at 1390-1391.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not need to reach the issue decided by the district court as to whether Cross had a protected liberty interest because in reviewing decisions of the district court, this court may affirm on any ground finding support in the record. See Pedro, 825 F.2d at 1399 (citing Smith v. Block, 784 F.2d 993, 996 n. 4 (9th Cir.1986))
 
 
 [2]
 Cross also apparently had access to all materials considered by the Board as he makes no claim that he was deprived of that right. See Jancsek, 833 F.2d at 1390
 
 
 [3]
 Even if Cross had presented the affidavit at the hearing, due process is satisfied if the board's decision is supported by "some reliable evidence." See Bermudez, 936 F.2d at 1067; Jancsek, 833 F.2d at 1390-91. Here, assuming the truth of the affidavit, the presentence investigation report contains ample evidence in addition to the statements of Linda Jaramillo to support the board's decision. The board also found that Cross had a previous conviction for contributing to the delinquency of a minor in which he also was a "pimp" for a juvenile. Additionally, two of the board members found that the minimum term was an appropriate sanction and was necessary for the protection of the public. Thus, even if Cross had introduced the affidavit at the hearing, there was ample evidence to support the board's decision. See Jancsek, 833 F.2d at 1390-91