19 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Doyle MURPHY, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent, Oregon State Penitentiary,
Respondent-Appellee.
 No. 93-35633.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 10, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Doyle Murphy, an Oregon state prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition. Murphy contends that the Oregon Board of Parole violated his due process rights when it extended his parole release date by applying an unconstitutionally vague standard. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993) and affirm.
 
 
 3
 Prior to addressing the merits of Murphy's appeal, we must first consider whether Murphy is in procedural default. The state contends that this court cannot consider Murphy's vagueness argument because he has procedurally defaulted on this claim. This contention lacks merit.
 
 
 4
 A federal habeas petitioner procedurally defaults on a constitutional claim when he fails to raise the claim in state court and is now barred from doing so by a state rule of procedure. Coleman v. Thompson, 111 S.Ct. 2546, 2557 n. 1 (1991); Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir.1988). "The doctrine of procedural default is based on comity, not jurisdiction, and the federal courts retain the power to consider the merits of procedurally defaulted claims." Harmon v. Ryan, 959 F.2d 1457, 1461 (9th Cir.1992). The state may waive procedural default by failing to raise it in the district court. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 906 n. 1 (9th Cir.1986); Batchelor v. Cupp, 693 F.2d 859, 863-64 (9th Cir.1982), cert. denied, 463 U.S. 1212 (1983). If the state waives procedural default, the federal courts may consider the merits of the petitioner's claims. Batchelor, 693 F.2d at 863-64.
 
 
 5
 Here, the state failed to raise this issue of procedural default before the district court. Murphy first argued that the Board applied a vague standard in extending his parole release date in his opposition to the state's motion to deny the petition. In reply, the state addressed the merits of this argument, but failed to assert a claim of procedural default. On appeal, the state argues for the first time that Murphy failed to present his vagueness argument to the Oregon Court of Appeals. Accordingly, the state waived the procedural default by failing to raise it before the district court. See Hughes, 800 F.2d at 906 n. 1; Batchelor, 693 F.2d at 863-64.[1]
 
 
 6
 Murphy contends that the Board violated his due process rights by applying a meaningless standard to extend his parole release date. Specifically, Murphy contends that the term "severe emotional disturbance" in Or.Rev.Stat. Sec. 144.125(3) and Or.Admin.R. 255-60-012 is unconstitutionally vague. This contention lacks merit.
 
 
 7
 A prisoner has no constitutional right to be conditionally released before the expiration of a valid sentence. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979); Bermudez v. Duenas, 936 F.2d 1064, 1067 (9th Cir.1991). Since a parole decision "is not part of a criminal prosecution, the full panoply of rights due a defendant in such a proceeding is not constitutionally mandated, even when a protected liberty interest exists." Pedro v. Oregon Parole Bd., 825 F.2d 1396, 1399 (9th Cir.1987), cert. denied, 484 U.S. 1017 (1988); Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir.1987); see also Greenholtz, 442 U.S. at 12 (explaining that due process is flexible and calls for procedural protections that particular situations demand). The Court in Greenholtz found that the Nebraska parole procedure satisfies due process, because it "affords an opportunity to be heard, and when parole is denied it informs the inmate in what respects he falls short of qualifying for parole." Greenholtz, 442 U.S. at 16.
 
 
 8
 Here, assuming that an Oregon prisoner has a protected liberty interest in the parole's board's decision, Murphy received all the process due.[2] Murphy had more than one opportunity to be heard and the Board provided him with an explanation for the extension of his parole release date. See Greenholtz, 442 U.S. at 16. In addition, Murphy received advance notice of the hearings, he had access to the materials considered by the Board, and he was permitted to submit his own materials for consideration by the Board. See Pedro, 825 F.2d at 1399.[3] Moreover, at the fourth exit interview, the Board ordered a second psychological evaluation by a different psychologist when Murphy objected to the first psychological evaluation. Under the circumstances, Murphy received more than adequate due process. See Greenholtz, 442 U.S. at 16; Pedro, 825 F.2d at 1399.
 
 
 9
 Finally, Murphy has not shown that Or.Rev.Stat. Sec. 144.125(3) is so vague as to render the Board's decision arbitrary and capricious. We rejected a similar argument in Pedro, where the petitioner argued that the absence of meaningful standards to define the term "significant planning and preparation" violated due process. Since the petitioner in Pedro received all the process due under Greenholtz, this argument failed. See Pedro, 825 F.2d at 1399. Likewise, Murphy has received all the process due under Greenholtz. See Pedro, 825 F.2d at 1399. Murphy's argument concerning the absence of meaningful standards to define "severe emotional disturbance" must therefore fail. See id.[4] Accordingly, the district court properly denied the habeas petition since Murphy received ample due process. See id.; Jancsek, 833 F.2d at 1390-91.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the state raised a procedural default argument in its initial motion to deny the petition, that argument concerned different issues from the present argument. There, the state argued that Murphy had procedurally defaulted by failing to raise all of the issues in his administrative appeal. The state then argued that the procedural bar precluded the state courts from reviewing these additional claims. However, the state now argues that Murphy has procedurally defaulted on his vagueness argument by failing to present it to the state courts. This second argument is separate and distinct from the first procedural default argument. Since the state did not present this second procedural default argument until this appeal, the state has waived this claim. See Batchelor, 693 F.2d at 863-64
 
 
 [2]
 On appeal, the state apparently concedes that Oregon prisoners may have a liberty interest in parole release. Moreover, the appellate court need not decide whether a state statute creates a protected liberty interest in early release if the prisoner was afforded all the due process protection required under Greenholtz. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 421-22 (9th Cir.1990), cert. denied, 498 U.S. 1096 (1991)
 
 
 [3]
 Though Murphy was not represented at the hearings, he had the right to be accompanied by a person of his choice under Or.Rev.Stat. Sec. 144.123 (1992) and he makes no claim that he was deprived of that right. See Jancsek, 833 F.2d at 1390 n. 1
 
 
 [4]
 A parole release determination is not subject to all the due process protections of an adversary proceeding. See Greenholtz, 442 U.S. at 12; Pedro, 825 F.2d at 1398-99. Therefore, the cases cited by Murphy are inapposite because they do not involve parole decisions. See Foucha v. Louisiana, 112 S.Ct. 1780 (1992) (release from psychiatric hospital); Maynard v. Cartwright, 486 U.S. 356 (1988) (penalty phase of criminal prosecution); Paradis v. Arave, 954 F.2d 1483 (9th Cir.1992) (penalty phase of criminal prosecution), vacated, 113 S.Ct. 1837 (1993); Deutscher v. Whitley, 884 F.2d 1152 (9th Cir.1989) (penalty phase of criminal prosecution), vacated, 111 S.Ct. 1678 (1991)