42 F.3d 1401
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rick Edward MAY, Petitioner-Appellant,
v.
Manfred F. MAASS, Superintendent, Oregon State Penitentiary,
Respondent-Appellee.
 No. 94-35479.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 18, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rick Edward May, a former Oregon State prisoner now on parole, appeals the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition.[1] May contends that the Oregon Board of Parole (Board) violated his due process rights because the Board acted in bad faith when it reconsidered May's parole in a second parole decision. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993), and affirm.
 
 
 3
 Prior to addressing the merits of May's appeal, we must first consider the state's argument that May has failed to exhaust his state remedies because he did not present his claim to the state courts.[2] This contention lacks merit because May has fairly presented the same operative facts and legal theory to the state and federal courts. See Picard v. Connor, 404 U.S. 270, 275 (1971); Henry v. Estelle, 33 F.3d 1037, 1040 (9th Cir.1994) (per curiam); Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir.1986). Before the state courts, May argued that the Board acted in bad faith in its second parole decision because it had previously imposed an identical reduction under an amended version of Or.Admin.R. 255-40-025. May raised the same issue in his federal habeas petition. Although May has not previously characterized his claim as a due process violation, it is not necessary to invoke the talismanic phrase "due process of law" in order to state a federal due process claim. See Henry, 33 F.3d at 1040; Tamapua, 796 F.2d at 262-63. Accordingly, May has satisfied the exhaustion requirement because he fairly presented the substance of his due process claim to the state courts. See Picard, 404 U.S. at 275; Henry, 33 F.3d at 1040.
 
 
 4
 On the merits, May contends that the Board acted in bad faith because the former version of Or.Admin.R. 255-40-025 allowed a greater term reduction than the amended version. Thus, May contends he was entitled to a greater reduction under the former version of the rule. This contention lacks merit.
 
 
 5
 A prisoner has no constitutional right to be conditionally released before the expiration of a valid sentence. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979); Bermudez v. Duenas, 936 F.2d 1064, 1067 (9th Cir.1991). Since a parole decision "is not part of a criminal prosecution, the full panoply of rights due a defendant in such a proceeding is not constitutionally mandated, even when a protected liberty interest exists." Pedro v. Oregon Parole Bd., 825 F.2d 1396, 1399 (9th Cir.1987), cert. denied, 484 U.S. 1017 (1988); accord Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir.1987); see also Greenholtz, 442 U.S. at 12 (explaining that due process is flexible and calls for procedural protections that particular situations demand).
 
 
 6
 Here, the Board originally reduced May's term of incarceration by seven months. The Board relied on the amended version of Or.Admin.R. 255-40-025, which provided for a maximum reduction of seven months. See Or.Admin.R. 255-40-025 (1988). Subsequently, both the state and federal courts determined that the Oregon administrative rules in effect at the time of an inmate's offense should apply to a parole decision instead of the rules in effect at the time of an inmate's parole hearing. See Williams v. Bd. of Parole, 812 P.2d 443 (Or.Ct.App.1991), petition for review dismissed, 832 P.2d 456 (Or.1992); Flemming v. Oregon Bd. of Parole, 998 F.2d 721 (9th Cir.1993) (finding Oregon Parole Board's application of rule in effect at time of parole hearing violated ex post facto laws). Upon reconsideration, the Board again reduced May's term of incarceration by seven months even though the earlier regulation allowed for a greater reduction. See Or.Admin.R. 255-40-025(4) (1985) ("reductions ... shall be limited to a maximum of 20% of the prison term under review").
 
 
 7
 May has not shown that the Board's second decision violated due process. See Greenholtz, 442 U.S. at 7. At May's first parole hearing, the Board stated that it would grant May the same reduction under either the earlier or the amended version of Or.Admin.R. 255-40-025. The Board determined that May's behavior warranted a maximum reduction of seven months, regardless of the maximum reduction permitted by the rule. Since May has not raised any other challenge to the Board's proceedings, May received all the process due. See Greenholtz, 442 U.S. at 16; Pedro, 825 F.2d at 1399. Accordingly, the district court did not err in denying May's habeas petition. See Pedro, 825 F.2d at 1399.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "The restraints imposed upon a released prisoner on parole are sufficiently restrictive to satisfy the custody requirement of Sec. 2254." Felts v. Estelle, 875 F.2d 785, 785 n. 1 (9th Cir.1989)
 
 
 [2]
 The state characterizes the issue as "procedural default" instead of "exhaustion." However, the state contends that May failed to raise this issue before the state courts rather than that May failed to comply with a state procedural rule. Thus, the state's argument is more appropriately characterized as an exhaustion issue. See Picard v. Connor, 404 U.S. 270, 275 (1971)