73 F.3d 369
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Lionel M. MILLER, Petitioner-Appellant,
v.
OREGON STATE PRISON, Respondent-Appellee.
 No. 95-35073.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 17, 1995.
Decided Dec. 20, 1995.
 
 Before: BROWNING, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 
 2
 The state waived its procedural default argument by failing to present it to the district court. See Granberry v. Greer, 481 U.S. 129, 134-35 (1987); Grooms v. Keeney, 826 F.2d 883, 885 (9th Cir.1987).
 
 II.
 
 3
 Assuming Miller had a liberty interest in parole, see Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1389-90 (9th Cir.1987), we conclude that he received all the process he was due.
 
 
 4
 Miller received advance notice of his parole hearing, participated in it, and was advised of the parole board's reasons for its decision. Although Miller did not have appointed counsel or access to an independent psychological examination, which due process requires in the sentencing context, see, e.g., Ake v. Oklahoma, 470 U.S. 68, 83 (1985), our cases establish that prisoners in the parole context are not entitled to "the full panoply of rights" available in criminal prosecutions. See Pedro v. Oregon Parole Bd., 825 F.2d 1396, 1398 (9th Cir.1987).
 
 
 5
 We need not address Miller's contention that the board erred in relying on Dr. Davis's conclusion that Miller posed an "imminent danger" to the community. Although the reliability of future dangerousness predictions has been questioned, see Barefoot v. Estelle, 463 U.S. 880, 899 n. 7 (1983), the board's determination was supported by "some evidence" having "some indicia of reliability." Jancsek, 883 F.2d at 1390. Davis's report reflected Miller's continued drug addiction and failure to complete drug treatment, factors the board took into account in making its decision. The board also considered Miller's previous parole violations. These factors clearly constitute evidence having some indicia of reliability.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3