145 F.3d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Ernesto MACKEY, Petitioner-Appellant,
v.
Gail LEWIS, Deputy Warden, Respondent-Appellee.
 No. 97-55241.
D.C. No. CV-94-00485-JNK.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1998**.
Decided May 20, 1998.
 
 Appeal from the United States District Court for the Southern District of California Judith N. Keep, Chief Judge, Presiding.
 Before SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 David Ernesto Mackey, a California state prisoner, appeals pro se the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, see Thompson v. Borg, 74 F.3d 1571, 1573 (9th Cir.), cert. denied, --- U.S. ----, 117 S.Ct. 227, 136 L.Ed.2d 159 (1996), and affirm.[1]
 
 
 3
 Mackey contends that the district court erred by finding that the California trial court's exclusion of evidence did not violate Mackey's federal constitutional rights. Specifically, Mackey argues that the California trial court should not have excluded evidence relating to the victim's potential eviction which Mackey claims provided the motive to fabricate the rape charge. This contention lacks merit because the evidence regarding the victim's conflict with her apartment manager was not relevant to a motive to fabricate the rape charge. See Wood v. Alaska, 957 F.2d 1544, 1549-50 (9th Cir.1992) (no constitutional right to present evidence that is not relevant); Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990). Because Mackey failed to allege facts entitling him to relief, the district court did not abuse its discretion by failing to hold an evidentiary hearing. See Greyson v. Kellam, 937 F.2d 1409, 1415 (9th Cir.1991). We have considered Mackey's remaining claims and reject them as without merit.
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Mackey's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The government concedes that the district court erred by applying the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), to Mackey's petition which was filed prior to the effective date of the AEDPA. See Lindh v. Murphy, --- U.S. ----, ----, 117 S.Ct. 2059, 2068, 138 L.Ed.2d 481 (1997). However, we may affirm the district court's judgment on any ground supported by the record, see Pedro v. Oregon Parole Bd., 825 F.2d 1396, 1399 (9th Cir.1987), and do so here because Mackey's contentions lack merit under pre-AEDPA law