**Paul F. JANCSEK, III,**
**Petitioner–Appellant,**

v.

**OREGON BOARD OF PAROLE,**
**Respondent–Appellee.**

**No. 87–3614.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 2, 1987.

Decided Dec. 11, 1987.

Stephen R. Sady, Chief Deputy Federal Public Defender, Portland, Or., for petitioner-appellant.

John A. Reuling, Jr., Asst. Atty. Gen., Salem, Or., for respondent-appellee.

Before HUG, FARRIS and CANBY, Circuit Judges.

HUG, Circuit Judge:

Paul F. Jancsek appeals the district court's denial of his petition for a writ of habeas corpus. Jancsek is currently serving a life sentence for the murder of his wife. The Oregon Board of Parole set Jancsek's release date outside the range guidelines because it found aggravating circumstances. Jancsek claims he was denied due process because, in finding aggravation, the parole board considered information that was unsupported by the record. We affirm the district court's decision.

DISCUSSION

We review the district court's denial of Jancsek's petition for habeas corpus *de novo. Jones v. United States,* 783 F.2d 1477, 1479 (9th Cir.1986). We need not decide the threshold issue of whether the Oregon parole statute confers a liberty interest entitling prisoners to due process protection in the setting of release dates. *See, e.g., Pedro v. Oregon Parole Board,* 825 F.2d 1396, 1398 (9th Cir.1987). Instead, we assume for the purposes of this

decision that prisoners have such a liberty interest, but we conclude that Jancsek was afforded all the due process protection that is required.

In *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 12, 99 S.Ct. 2100, 2106, 60 L.Ed.2d 668 (1979), the Supreme Court emphasized that due process is flexible and should be tailored to the demands of particular situations. *See also Pedro*, 825 F.2d at 1398. This circuit has noted that since parole-related decisions are not part of the criminal prosecution, "the full panoply of rights due a defendant in such a proceeding is not constitutionally mandated, . . . ." *Id.* at 1399. The Court in *Greenholtz* found that the Nebraska parole procedure satisfies due process, as it "affords an opportunity to be heard, and when parole is denied it informs the inmate in what respects he falls short of qualifying for parole; . . . . The Constitution does not require more." *Greenholtz*, 442 U.S. at 16, 99 S.Ct. at 2108; *accord Pedro*, 825 F.2d at 1399.

■ Likewise, in *Pedro*, we found that the petitioner received sufficient due process protection when the parole board assigned to her a more serious subcategory of her crime severity rating. It noted: "The petitioner ... had a hearing with written advance notice of the date and time, she had an opportunity to be heard, she was represented by a paralegal, she had access to all materials considered by the Board, and she submitted materials for the Board's consideration." *Id.* Jancsek was afforded all of these procedural protections.[1]

■ Jancsek also attacks the sufficiency of the evidence supporting the Board's finding of aggravation. The quantum of evidence necessary to satisfy due process in a prison board determination was addressed by the Supreme Court in *Superintendent v. Hill*, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). Though the liberty interest at stake there surrounded the accumulation of good-time credits, rath-

er than the parole decision which is at issue here, both directly affect the duration of the prison term; thus, the *Hill* holding is applicable in this case. The Court there concluded that the requirements of due process are satisfied if *some* evidence supports the decision. It held, "We decline to adopt a more stringent evidentiary standard as a constitutional requirement. . . . The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have *some* basis in fact." *Id.* at 456, 105 S.Ct. at 2774 (emphasis added). Additionally, the evidence underlying the board's decision must have some indicia of reliability. *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir.1987) (disciplinary board proceeding).

In this case there was not just "some" evidence to support the board's finding of aggravation, but ample evidence. The board rested its decision, in part, on the fact that a child was present during the murder. Though Jancsek disputes this fact, it is supported by both the trial judge's After Sentence Report and the prosecutor's Fact Summary; we cannot say that these reports lack sufficient indicia of reliability. Together they outweigh the statement by Jancsek's attorney that to his "recollection ... it was not determined" at trial whether the child was present. But even if we disregard this disputed fact, the board had more than "some" evidence supporting aggravation. They based their decision not only upon the child's presence at the homicide but also upon the gruesome and exceedingly violent details of the crime. Jancsek does not dispute the fact that he hogtied the victim, stabbed her 32 times, and slit her throat. Moreover, though it is not clear the board considered additional aggravating circumstances, there was evidence of other assaultive conduct unrelated to the murder; this included a previous kidnapping and an uncharged attempt to strangle the victim weeks before the homicide.

---

1. Though Jancsek was not represented at the hearing, he had the right to be accompanied by a person of his choice under O.R.S. § 144.123, and he makes no claim that he was deprived of that right.

The record in this case is far from being "so devoid of evidence that the findings of the ... board were without support or otherwise arbitrary." *Hill*, 472 U.S. at 457, 105 S.Ct. at 2775. Accordingly, we conclude that Jancsek received adequate due process and that there was sufficient evidence to support the board's decision.

The judgment is AFFIRMED.