953 F.2d 1388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mastin Eugene TAYLOR, Petitioner-Appellant
v.
Vern FAATZ, Chairman of Oregon State Board of Parole,
Respondent-Appellee
 No. 90-35562.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 10, 1992.
Decided Feb. 6, 1992.
 
 Before JAMES R. BROWNING, D.W. NELSON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mastin Eugene Taylor appeals the district court's summary dismissal of his habeas petition challenging the extension of his parole release date by 36 months. Taylor alleges that his due process rights were violated when the state parole board ("the Board") extended his term of incarceration on the basis of a finding that Taylor had threatened a witness to his crime. Because we conclude that the evidence underlying the Board's finding did not have sufficient indicia of reliability, we reverse the district court and grant Taylor's petition for a writ of habeas corpus.
 
 
 3
 The decision whether to grant or deny a petition for habeas corpus is reviewed de novo. Bianchi v. Blodgett, 925 F.2d 305, 308 (9th Cir.1991); Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989).
 
 
 4
 Taylor's due process challenge to the aggravation of his parole release date is essentially that the Board lacked sufficient evidence to support its finding that Taylor had threatened both a witness to his crime and the witness's family. In Superintendent v. Hill, 472 U.S. 445 (1985), the Supreme Court held that due process concerns are satisfied in a prison disciplinary board proceeding if "some evidence" supports the decision by the board. Id. at 455. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the ... board." Id. at 455-56. This court has explicitly adopted the "some evidence" test of Hill in the context of parole decisions such as this one. See Jancsek v. Oregon State Board of Parole, 833 F.2d 1389, 1390 (9th Cir.1987).
 
 
 5
 In Taylor's case, there exists some evidence to support a conclusion that Taylor had threatened a witness: the witness, Robin Gieffels, testified that various threats were made.[1] This determination, however, does not end our inquiry. It is established law in this Circuit that the evidence underlying the Board's decision must also have some indicia of reliability. See id. at 1390; Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.1987).
 
 
 6
 In deciding that Gieffels' testimony contained sufficient indicia of reliability to justify aggravation, the district judge relied upon the facts that Gieffels' description of the murder was consistent with the physical evidence at the scene and that the jury found Taylor guilty. We disagree with the district court, however, that these two facts offer sufficient indicia of reliability. First, Gieffels' testimony regarding the murder, even if reliable, is simply not dispositive of the question whether his testimony regarding the threats was reliable. Second, the fact that Taylor was convicted may well have no bearing on Gieffels' credibility. For example, it is entirely possible that the jury completely discounted Gieffels' testimony in reaching a guilty verdict, because Taylor had admitted firing the shot that killed the victim.
 
 
 7
 Moreover, there is extensive evidence that Gieffels' testimony regarding the threats was unreliable. Gieffels offered several different and contradictory accounts of the alleged threats. Several witnesses at Taylor's trial, including members of Gieffels' family, testified to Gieffels' poor reputation for truthfulness, and even his mother refused to offer an opinion as to his veracity. Despite Gieffels' claim that Taylor threatened to kill his family, Gieffels sent his eight-year-old son on a camping trip with Taylor just days after the murder. Other evidence was offered at trial that Gieffels himself visited Taylor at work on several occasions after the shooting. Finally, evidence was introduced at trial that directly contradicted some of Gieffels' stories; for example, Gieffels testified at trial that Taylor threatened him the morning after the shooting but Gieffels was in jail on unrelated charges at the time those threats supposedly occurred.
 
 
 8
 Because of the absence of evidence corroborating Gieffels' accounts of the threats and the extensive evidence directly contradicting his allegations, we conclude that the Board's decision to aggravate Taylor's parole release date was not supported by evidence with sufficient indicia of reliability. We reverse the district court's decision and grant Taylor's petition for a writ of habeas corpus.
 
 
 9
 REVERSED AND WRIT GRANTED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In determining that threats were made, the Board relied on a description of the threats contained in the Parole Analysis Report. This report claims to be drawn from police reports, and does not refer to any specific testimony at trial. Both parties apparently concur, however, that Gieffels gave varying accounts of the threats both at trial and during pre-trial interviews with police officers