976 F.2d 736
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leeroy B. BOSTIC, Jr., Plaintiff-Appellant,
v.
David BRACKNEY, (SIS); Sam King, Ltd; Charles W. Griffith,
Ltd; M. Strahl, Board Chairman, Defendants-Appellees.
 No. 91-16131.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 17, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 LeeRoy B. Bostic Jr. appeals pro se the district court's summary judgment in his civil rights Bivens action in favor of the defendants. See Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). Bostic contends that he was denied due process in connection with a prison disciplinary hearing. Specifically, he asserts that the defendants, acting in a conspiracy, violated his due process rights when they (1) failed to provide him with sufficient notice of the charges against him prior to his disciplinary hearing; (2) prohibited a key witness from testifying on Bostic's behalf; (3) did not allow Bostic to cross-examine the defendants' witness; and (4) used the testimony of a confidential informant who had no prior history of reliability to charge Bostic with assault. We review de novo the district court's grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We affirm in part, reverse in part, and remand.
 
 
 3
 * Background
 
 
 4
 Bostic was charged with assaulting Reece Jones, another inmate, in the prison cafeteria. The incident was allegedly witnessed by a prison official and by another inmate whose identity remained confidential. Bostic was given notice of the charges against him twenty-six hours after the incident and nine days prior to his disciplinary hearing.
 
 
 5
 Bostic requested that Jones be allowed to testify at his disciplinary hearing. According to Bostic and Jones's affidavit, Jones intended to testify that the assault never took place and that prison officials had fabricated the incident. Jones, however, was prohibited from testifying after defendants submitted a report to the disciplinary committee stating that Jones had been released from custody prior to the hearing. Although defendants conceded in their motion for summary judgment that Jones was still incarcerated at the time of the disciplinary hearing, they maintained that their report to the disciplinary committee was the result of an innocent mistake.
 
 
 6
 At the disciplinary hearing Bostic also sought to cross-examine the prison official who had allegedly witnessed the altercation. Defendants, however, submitted the official's affidavit in lieu of his live testimony. Consequently, Bostic was not given the opportunity to cross-examine the witness.
 
 
 7
 The disciplinary committee found Bostic guilty of the assault charge, and he received sanctions of forty-eight days of disciplinary segregation and the forfeiture of 250 days of statutory good time credit. Subsequent to serving his time in disciplinary segregation, Bostic was transferred to another correctional facility where he was given a rehearing on the assault charge. This hearing resulted in the expungement of the charge and the reinstatement of his good time credits. Bostic subsequently brought this suit against defendants for compensatory damages for the time he spent in administrative segregation.
 
 II
 Merits
 
 8
 Summary judgment is appropriate if the evidence, construed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed.R.Civ.P. 56; Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 9
 Courts reviewing prison due process claims do not set aside decisions of prison officials if they have some basis in fact. Tousaint v. McCarthy, 801 F.2d 1080, 1105 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987). The evidence must, however, have some indicia of reliability, and findings of fact cannot be without evidentiary support or otherwise arbitrary. See Hill v. Superintendent, 472 U.S. 445, 457 (1985); Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir.1987).
 
 
 10
 A. Notice of the Charges and the Right to Cross-Examine a Witness
 
 
 11
 The Constitution requires that prison officials give an inmate at least twenty-four hours notice in advance of appearance to prepare a written statement of fact findings as to evidence relied upon and the reason for taking the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563 (1974). There is no constitutional requirement, however, of confrontation and cross-examination of an adverse witness in a prison disciplinary hearing. Id. at 567.
 
 
 12
 Here, defendants informed Bostic of the charges against him nine days prior to the disciplinary hearing, well within the time requirement set forth in Wolff. See id. at 563. Additionally, under Wolff, Bostic does not have a constitutional right to cross-examine the government's witness. See id. Accordingly, the district court properly granted summary judgment in favor of the defendants on these two issues. See Tzung, 873 F.2d at 1339-40.
 
 B. Confidential Informant
 
 13
 We have previously held that an uncorroborated hearsay statement of a confidential informant is insufficient to satisfy due process. Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.1987). A statement by a confidential inmate informant, however, is sufficient provided that the record contains facts from which it could be reasonably concluded that the information was reliable and the record contains a prison official's statement that safety prevented the disclosure of the inmate's name. Zimmerlee v. Keeney, 831 F.2d 183, 186 (9th Cir.1987), cert. denied, 487 U.S. 1207 (1988). Furthermore, we have held that an eyewitness account by a reporting officer, accompanied by a statement from an inmate witness, satisfies due process. Bostic v. Carlson, 884 F.2d 1267, 1274 (9th Cir.1989).
 
 
 14
 Here, the testimony of the confidential informant was corroborated by testimony of a prison official who allegedly witnessed the assault incident. Accordingly, the evidence was sufficient to meet the constitutional due process standard articulated in Hill. See Bostic, 884 F.2d at 1274.
 
 C. Right to Call Jones as a Witness
 
 15
 "Minimal procedural due process requirements must be met in prison disciplinary proceedings, including the opportunity to call witnesses and present documentary evidence in defense." Wolff, 418 U.S. at 563; see also Bartholomew v. Watson, 665 F.2d 915, 918 (9th Cir.1982) (prison procedures precluding the calling by an inmate of another inmate or staff member as a witness before a disciplinary committee violated due process). The prison disciplinary committee has the burden of proving that it had adequate justification for denying a prisoner the right to call a witness. See Ponte v. Real, 471 U.S. 491, 499 (1985). The inmate, however, must inform the committee of the nature of the testimony each witness will deliver in order to allow the committee to determine whether institutional concerns would preclude calling the witness. Bostic, 884 F.2d at 1274.
 
 
 16
 Here, Bostic had a constitutional right to call Jones, the alleged victim of the assault, to testify on his behalf. See Wolff, 418 U.S. at 563. Defendants failed to offer any evidence to the district court demonstrating that they had a good-faith, albeit mistaken belief that Jones had been released from custody. No affidavits or documentary records were submitted to the district court showing that defendants had relied on inaccurate information in submitting their transfer report to the disciplinary committee. This lack of documentary evidence indicates that there remains a genuine issue of material fact as to whether defendants had a good faith belief that Jones had been released from custody and was unavailable to testify. See Ponte, 471 U.S. at 499; Tzung, 873 F.2d at 1339-40. Accordingly, the district court erred when it granted summary judgment in favor of defendants on the issue of Jones's unavailability as a witness.
 
 
 17
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3