995 F.2d 232
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Martin K. MAURER, Plaintiff-Appellant,
v.
Ron E. KOENIG, Defendant-Appellee.
 No. 92-15925.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 26, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Martin K. Maurer, a California state prisoner serving a life term, appeals pro se the district court's summary judgment denying his 28 U.S.C. § 2254 habeas corpus petition and dismissing his 42 U.S.C. § 1983 action. In an earlier appeal, we vacated the Fed.R.Civ.P. 12(b)(6) dismissal of Maurer's due process claims, and remanded for the district court to determine whether Maurer received all the process due at his parole proceedings. Maurer v. Koenig, No. 89-16744, unpublished memorandum disposition (9th Cir. Dec. 11, 1990). Maurer contends that on remand, the district court erred by (1) finding that the California Board of Prison Terms did not deny him his right to due process, (2) failing to address his claim that the California parole scheme is unconstitutional, and (3) denying him leave to amend his complaint. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.
 
 
 3
 We review de novo the denial of a habeas petition, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and the grant of summary judgment, Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992). In reviewing the grant of summary judgment, "[w]e must decide, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant law." Id.
 
 
 4
 Maurer contends that the district court erred by finding that he received due process at his parole hearings. This contention lacks merit.
 
 
 5
 Where, as here, a parole statute creates a liberty interest protected by due process guarantees, the prisoner is entitled to (1) an opportunity to be heard and (2) a statement of reasons if parole is denied. Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 16 (1979); Bermudez v. Duenas, 936 F.2d 1064, 1066 (9th Cir.1991) (per curiam).
 
 
 6
 The district court did not err by finding that the parole board met these requirements at each of Maurer's six parole hearings. Written reports showed that Maurer had an opportunity to be heard because he was present, and oral and documentary evidence was submitted at each hearing. See Cal.Penal Code § 3041.5(a) (providing for opportunity to be heard); Greenholtz, 442 U.S. at 16. Moreover, the reports gave reasons for the denial of parole, and they were sent to Maurer. See Cal.Penal Code § 3041.5(b)(2) (written statement of reasons must be sent to prisoner within 20 days after parole hearing); Greenholtz, 442 U.S. at 16.
 
 
 7
 Maurer contends that the district court erred by failing to address his claim that the California parole scheme is unconstitutional. This contention lacks merit.
 
 
 8
 Maurer claims that even though he is entitled to the earlier of a parole release date calculated under California's indeterminate sentencing law (ISL) or a parole release date calculated under the later-enacted determinate sentencing law (DSL), parole regulations have the effect of forcing him to meet the more stringent requirements of the ISL; in other words, "the BPT is making the length of Maurer's punishment fit what it believes is Maurer's personal and social characteristics rather than the circumstances of his crime." Maurer contends that this court's earlier decision required the district court to address this claim on remand. He relies on our statement that "Maurer alleged below that he was deprived of due process of law because the parole board and sections 2280, 2281 and 2282 of the California Regulations Code failed to provide for parole hearings at a reasonable time and in a reasonable manner. However, the district court did not address these issues in its order...." Maurer v. Koenig, No. 89-16744, unpublished memorandum disposition at 5-6 (9th Cir. Dec. 11, 1990).
 
 
 9
 As the district court stated, due process requires only that the prisoner receive a statement of reasons for the denial of parole; due process does not concern the substance of the reasons. See Bergen v. Spaulding, 881 F.2d 719, 721 (9th Cir.1989) (prisoner has no constitutional right to conditional release before expiration of valid sentence) (citing Greenholtz, 442 U.S. at 7); Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir.1987) (due process satisfied if "some evidence" supports parole decision). Accordingly, Maurer's claim lacks merit.
 
 
 10
 Finally, Maurer contends that the district court erred by denying him leave to file an amended complaint. This contention lacks merit.
 
 
 11
 After an answer is filed, a plaintiff may amend the complaint "only be leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). We review the district court's denial of leave to amend for an abuse of discretion. Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991).
 
 
 12
 Maurer argues that his proposed amended complaint attempted better to plead his claim that the California parole scheme was unconstitutional. The district court did not abuse its discretion by denying leave to amend on the basis that the case had reached the summary judgment stage, and amendment would have been futile. See id.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3