37 F.3d 1506
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Rodney L. SCOTT, Petitioner-Appellant,
v.
P.L. KERNAN; Dan Lungren, Attorney General of the State of
California, Respondents-Appellees.
 No. 94-15564.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1994.*
Decided Sept. 27, 1994.
 
 Before: SNEED, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rodney L. Scott, a state prisoner, appeals the denial of his 28 U.S.C. Sec. 2254 habeas corpus petition. Scott contends that application of California's Determinate Sentencing Law (DSL) to his parole eligibility violates the ex post facto, due process, and equal protection clauses of the Constitution and that his 1991 parole hearing violated due process. In addition, Scott alleges various constitutional violations arising from the fact that his primary term has not been established. We have jurisdiction under 28 U.S.C. Sec. 2253 and affirm.
 
 
 3
 Scott, who committed first degree murder and robbery in January 1977, was sentenced in October 1977 to seven years to life pursuant to California's Indeterminate Sentencing Law (ISL). Scott's minimum eligibility for parole date was set for February 1984, or seven years after his conviction. On July 1, 1977, California replaced the ISL with the DSL.
 
 
 4
 At Scott's fifth parole hearing, in January 1991, the California Board of Prison Terms found Scott unsuitable for parole. At the next hearing, the Board again found Scott unsuitable for parole and scheduled the next hearing in two years.
 
 
 5
 Scott challenges the application of the DSL on the grounds that it violates the ex post facto, due process, and equal protection clauses. According to Scott, the DSL altered the factors considered for parole suitability, increased his minimum term, and obviated the requirement of annual hearings. We considered and rejected these same legal claims in Connor v. Estelle, 981 F.2d 1032, 1034 (9th Cir.1992) (per curiam); therefore, the district court properly rejected them.[1]
 
 
 6
 Scott also argues that his 1991 parole hearing did not comport with due process because the Board misstated his criminal history. Because the Appeals Unit of the Board corrected the inaccuracy by striking the offending language from the decision, Scott has not established a due process violation. See Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir.1987).
 
 
 7
 Finally, Scott contends that his due process, equal protection, and eighth amendment rights have been violated because a primary term has not been set for his indeterminate sentence. In In re Rodriguez, 537 P.2d 384, 393 & 395 n. 18 (Cal.1975), the California Supreme Court held that a primary term--"a term fixed at a number of years that is proportionate to his offense"--should be set promptly so that the courts may evaluate whether the length of imprisonment violates the prohibition against cruel and unusual punishment. The Court also held that if a primary term was not fixed promptly, "the court will deem it to have fixed at the maximum." Id. at 395 n. 18. Apparently, Scott's primary term has not been set, thus by default it is life. Therefore, Scott has not been deprived of a liberty interest by the Board's failure to establish a primary term because the court can assess the constitutional proportionality of Scott's term against the default term. Moreover, because a life term is not cruel and unusual punishment for first degree murder, Scott has not established an eighth amendment claim. See United States v. LaFleur, 971 F.2d 200, 211 (9th Cir.1991) (federal statute with mandatory life imprisonment for murder did not violate eighth amendment), cert. denied, 113 S.Ct. 1292 (1993).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We deny Scott's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To support his ex post facto claim, Scott states that his minimum sentence has been increased from seven years to twenty-five years. This is incorrect. Scott received a seven year to life sentence in October 1977 and, by statute, his minimum eligibility for parole date was seven years. Calif.Penal Code Sec. 3046 (West 1982). The following fall, California voters adopted an initiative which increased the penalty for first degree murder to twenty-five years to life as well as death or life without possibility of parole. Calif.Penal Code Sec. 190 (West 1982). That provision does not apply to Scott, who committed his crime before November 7, 1978. See People v. Grisso, 163 Cal.Rptr. 547, 551 (Cal.Ct.App.1980) (ballot initiative which increased penalty for murder does not apply retroactively)