70 F.3d 1279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas N. MERIWEATHER, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent, Oregon State Penitentiary;
Vern Faatz, Board of Parole Chairman, Respondents-Appellees.
 No. 94-36226.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1995.*
Decided Nov. 30, 1995.
 
 Before: BROWNING, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Meriweather, an Oregon state prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition. Meriweather claims that a 1988 decision of the Oregon Board of Parole denying his request for an earlier parole consideration date violated his constitutional due process rights under the Fourteenth Amendment. We review de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm.
 
 
 3
 Prior to addressing the merits of Meriweather's appeal, we must first consider whether Meriweather is in procedural default. The Appellees argue that Meriweather has procedurally defaulted on his due process claim because he failed to present the claim to the state court. This argument lacks merit.
 
 
 4
 Exhaustion of state remedies requires that the habeas petitioner "fairly presented" his federal claims to the state courts, thereby giving "the State the initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (quotations and citations omitted); accord Anderson v. Harless, 459 U.S. 4, 6 (1982).
 
 
 5
 In the present case, Meriweather cited a Fourteenth Amendment constitutional violation as part of his state claim against the Board's action and Dr. Crane's evaluation. It is true that Meriweather did not specifically reference a due process right in his brief before the state courts. However, in his brief to the Oregon Court of Appeals he argued that he was denied effective and meaningful review in violation of the Fourteenth Amendment because the board violated its own procedures, erroneously relied on Dr. Crane's psychiatric evaluation, and should have relied on Dr. Weissert's evaluation. In his Petition for Reconsideration to the Oregon Supreme Court, Meriweather again argued that the Board violated its procedures, engaged in "doctor-shopping," and erroneously relied on Dr. Crane's evaluation. He made these arguments once again in his affidavit accompanying the Petition for Reconsideration. These arguments necessarily invoke due process considerations. Thus, Meriweather fairly presented the substance of his federal claim to the state court. The State was given the opportunity to pass upon and correct the alleged violations of Meriweather's due process rights. Therefore, Meriweather did not procedurally default on his due process claim.[1]
 
 
 6
 Meriweather argues that the Oregon parole statutes confer a liberty interest in parole which entitles him to due process protection in the setting of a parole release date. We decline to address this issue. "Instead, we assume for the purposes of this decision that prisoners have such a liberty interest...." Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1389-90 (9th Cir.1987).
 
 
 7
 Meriweather also claims that the Board deprived him of his due process rights when it denied his request for an earlier parole consideration date. This argument lacks merit.
 
 
 8
 A parole procedure satisfies due process requirements if it "affords an opportunity to be heard, and when parole is denied it informs the inmate in what respects he falls short of qualifying for parole." Jancsek, 833 F.2d at 1390 (quotation and citation omitted).
 
 
 9
 Assuming that an Oregon prisoner has a protected liberty interest in parole, Meriweather received all the process that was due. He received advance notice of the hearing and had access to the psychiatrist's report considered by the Board; he had an opportunity to be heard, and the Board provided him with an explanation for the denial of his parole request.
 
 
 10
 Meriweather argues that the Board denied him due process by relying on unreliable evidence in making its decision. This argument also lacks merit.
 
 
 11
 "[T]he requirements of due process are satisfied if some evidence supports the [parole board's] decision." Jancsek, 833 F.2d at 1390 (emphasis in original). However, the evidence that underlies "the board's decision must have some indicia of reliability." Id. (citing Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.1987)). So long as the record is not "so devoid of evidence that the findings of the board were without support or otherwise arbitrary," the requirements of due process are met. Id. at 1391 (quotation, citation and ellipses omitted).
 
 
 12
 In the present case, there is nothing to suggest that Dr. Crane's report is unreliable. The report contains a thorough description of Meriweather, his manner of speech, his thought associations, and his memory. Dr. Crane reviewed Meriweather's Minnesota Multiphasic Personality Inventory (MMPI) and made further findings based on that information. Finally, Dr. Crane noted that after reviewing the records and conducting a personal interview, "it is my opinion that the antisocial personality disorder and psychosexual disorder are not in remission and this man continues to be dangerous."
 
 
 13
 Meriweather argues that Dr. Crane's opinion "was in direct contradiction to Dr. Weissert's report, submitted only 5 months earlier." This argument is incorrect.
 
 
 14
 The different "conclusion" reached by the two doctors can be explained by examining the purpose for which each report was prepared. Dr. Crane's report was prepared for the Board's determination of an appropriate date for release on parole. He was to determine whether Meriweather's severe personality disorder was in remission and whether Meriweather was still "dangerous."
 
 
 15
 In contrast, Dr. Weissert's report was prepared in response to a court order that required identification of the severe personality disorder and a determination of whether the disorder could be treated. Dr. Weissert was not asked to determine whether or not Meriweather was still "dangerous" or whether his severe personality disorder was in remission.
 
 
 16
 There was ample evidence to support the Board's finding that Meriweather's personality and psychosexual disorders were not in remission and that he continues to be dangerous. See Jancsek, 833 F.2d at 1390. Furthermore, the evidence had indicia of reliability. The diagnosis of Dr. Crane, which was relied on by the Board, was the same diagnosis given by Dr. Weissert. The record in this case is far from being so devoid of evidence that the findings of the board were without support or otherwise arbitrary. Therefore, Meriweather received adequate due process and there was sufficient evidence to support the Board's decision.
 
 
 17
 Meriweather contends that the Board's failure to appoint an independent psychologist for him to effectively rebut the findings of the Board's psychologist and have a meaningful opportunity to be heard at his hearing deprived him of his due process rights. Meriweather failed to raise this issue before the district court. He has therefore waived the issue, and this court declines to address it. See Bolker v. C.I.R., 760 F.2d 1039, 1042 (9th Cir.1985).
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Duncan v. Henry, 115 S.Ct. 887 (1995), does not change our conclusion. Duncan addressed a state court claim that cited only state law, making no reference at all to the federal constitution. By contrast, Meriweather's state court claim cited the Fourteenth Amendment; he merely mislabeled his claim as falling under the Equal Protection Clause instead of the Due Process Clause