83 F.3d 430
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leslie Arthur WHALEY, Petitioner-Appellant,
v.
OREGON BOARD OF PAROLE, Respondent-Appellee.
 No. 95-35568.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 8, 1996.
Decided April 25, 1996.
 
 Before: REINHARDT, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Leslie Arthur Whaley, an Oregon state prisoner, appeals the district court's denial of his motion to reconsider the dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Whaley claims that the Oregon Board of Parole violated his constitutional rights when it denied him assistance at his parole hearing, conducted a parole hearing in his absence and miscalculated his sentencing matrix for his 1989 rape and kidnapping convictions. We affirm.[1]
 
 DISCUSSION
 A. General
 
 3
 When a state parole statute creates an expectation of parole it also gives rise to a liberty interest that is protected by the Due Process Clause. Board of Pardons v. Allen, 482 U.S. 369, 373, 107 S.Ct. 2415, 2418, 96 L.Ed.2d 303 (1987) (citing Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 11, 99 S.Ct. 2100, 2105, 60 L.Ed.2d 668 (1979)). A state parole system satisfies the Due Process Clause if it affords an inmate " 'an opportunity to be heard, and when parole is denied it informs the inmate in what aspects he falls short of qualifying for parole.' " Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir.1987) (quoting Greenholtz, 442 U.S. at 16, 99 S.Ct. at 2108). We have not decided whether Oregon's parole system creates a constitutionally protected liberty interest. See Jancsek, 833 F.2d at 1389-90; Pedro v. Oregon Parole Bd., 825 F.2d 1396, 1398-99 (9th Cir.1987), cert. denied, 484 U.S. 1017, 105 S.Ct. 726, 98 L.Ed.2d 675 (1988). However, assuming that Oregon's parole system does create a protected liberty interest, Whaley's due process rights were not violated by the Board's actions.
 
 B. Denial of Assistance by Inmate of Choice
 
 4
 Oregon law allows an inmate to be accompanied and represented by a third party at a parole hearing pursuant to rules promulgated by the Board and the Department of Corrections. See Or.Rev.Stat. § 144.123. One such rule allowed the inmate to be accompanied by the person of his choice provided the person met the requirements for visiting. See Or.Admin.R. 255-30-025(2) (1987). On April 5, 1990, prior to Whaley's hearing, the Board adopted a new version of the rule that provided for representation by an assigned inmate representative. Or.Admin.R. 255-30-025(2). Whaley argues that the new version of the rule was not in effect at the time of his hearing, and that even if it was, he did not receive sufficient notice prior to his hearing. However, we need not decide whether the new rule was in effect at the time of Whaley's hearing.
 
 
 5
 Neither version of the rule created a protected liberty interest in having a particular accompanist. See Allen, 482 U.S. at 373, 107 S.Ct. at 2418; Greenholtz, 442 U.S. at 11, 99 S.Ct. at 2105. Even if Whaley thought that he had an unrestricted right to choose whomever he liked to accompany him, the Board's actions did not amount to a violation of due process. Whaley was notified of his parole hearing and that his selected accompanist would not be able to accompany him. He was also provided with an opportunity to be heard, and he could have obtained a continuance and selected a different person. Instead, he decided to let the hearing go forward in his absence. As the record demonstrates, although Whaley chose not to participate in his parole hearing, he was given the full opportunity to do so. Nothing more was required. See Greenholtz, 442 U.S. at 16, 99 S.Ct. at 2108; Jancsek, 833 F.2d at 1390; Pedro, 825 F.2d at 1399.
 
 C. Calculation of Matrix Range
 
 6
 Pursuant to Oregon law, the trial court sets a minimum sentence to be served by the defendant. However, the actual sentence is set by the Board of Parole which may uphold or override the minimum sentence. Or.Admin.R. § 255-35-014. Although the applicable rule states that the Board shall make certain findings, the actual decision of whether to uphold the statutory minimum is left to the discretion of the Board. See Or.Admin.R. 255-35-014(1)(c). We need not, and do not, decide whether this procedure creates a liberty interest in having the Board uphold or override the court's minimum sentence. See Allen, 482 U.S. at 373, 107 S.Ct. at 2418; Greenholtz, 442 U.S. at 11, 99 S.Ct. at 2105. That is because our review indicates that the evidence before the Board justified its determination. There was evidence of a threat to use a weapon or to inflict serious bodily harm. See Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985); Nulph v. Faatz, 27 F.3d 451, 455-56 (9th Cir.1994). Nothing more was required.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Whaley filed an untimely motion for reconsideration, which, therefore, did not serve to toll the time for filing a notice of appeal. See Fed.R.App.P. 4(a)(4); cf. Tinsley v. Borg, 895 F.2d 520, 523 (9th Cir.1990), cert. denied, 498 U.S. 1091, 111 S.Ct. 974, 112 L.Ed.2d 1059 (1991) (timely motion for reconsideration tolls time for filing notice of appeal from dismissal of habeas petition). Thus, the notice of appeal filed May 25, 1995 served to appeal from the May 4, 1995 order denying the motion for reconsideration, but it cannot serve to appeal from the dismissal of the petition. We only have jurisdiction to review the district court's order denying the motion for reconsideration. See Pratt v. McCarthy, 850 F.2d 590, 591 (9th Cir.1988), reh'g denied, 878 F.2d 331 (1989) (time limit to file notice of appeal is mandatory and jurisdictional)