133 F.3d 931
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
J.R. WILKERSON, Petitioner-Appellant,
v.
Jim NELSON, Chairman, Board of Prison Terms; K.W. Prunty,
Warden, Respondents-Appellees.
 No. 96-16447.
 United States Court of Appeals, Ninth Circuit.
 Submitted**: Dec. 9, 1997
Decided Jan. 12, 1998.
 
 1
 Before BROWNING, PREGERSON, and HAWKINS JJ.
 
 
 2
 MEMORANDUM*
 
 
 3
 J.R. Wilkerson, a California state prisoner, appeals pro se the denial of his 28 U.S.C. § 2254 habeas corpus petition. Wilkerson contends that the failure of the California Board of Prison Terms to "promptly" fix the primary or base term of his sentence and to set a parole release date violated his rights to due process, equal protection, and to be free of cruel and unusual punishment. Because the parties are familiar with the factual and procedural history of the case, we will not recount it here except as necessary to clarify our decisions. We have jurisdiction under 28 U.S.C. § 2253 and affirm.
 
 DISCUSSION
 I. Due Process
 
 4
 "[T]he U.S. Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set ... " Perveler v. Estelle, 974 F.2d 1132, 1134 (9th Cir.1992) (citing Jago v. Van Curren 454 U.S. 14 (1981) (per curiam)). But under California law, an inmate has the right to have his primary term fixed promptly at a number of years that is proportionate to his individual culpability and his offense. See In re Rodriguez, 537 P.2d 384, 393 395 n. 18 (Cal.1975). The primary term should be fixed promptly to permit an inmate to seek judicial review of the Board's actions if he believes that the length of his term of imprisonment: is constitutionally excessive. See id. at 393, 395 n. 18; accord Sellars v. Procunier, 641 F.2d 1295, 1303-04 (9th Cir.1981) (finding that right of California inmate to challenge length of fixed prison term by way of habeas corpus sufficient to protect inmate's constitutional rights).
 
 
 5
 Wilkerson, however, was not denied his due process right to seek judicial review of his primary term when the California Board of Prison Terms ("Board") declined to promptly and affirmatively fix his primary term because "the court will deem it to have been fixed at the maximum" by default. Rodriquez, 537 P.2d at 395 n. 18. The Board's inaction therefore implicitly fixed Wilkerson's primary term at the maximum of' his sentence, i.e., life imprisonment, for purposes of assessing its constitutional proportionality. See id.
 
 
 6
 Similarly, the Board's failure to fix a parole release date for Wilkerson did not violate his right to due process. Because "parole-related decisions are not part of the criminal prosecution, the full panoply of rights due a defendant in such a proceeding is not constitutionally mandated ..." Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389 1390 (9th Cir.1987) (internal quotations and citation, omitted). Due process only requires that parole procedures afford an inmate the opportunity to be heard and, when parole is denied, inform him "in what respects he falls short of qualifyiig for parole ... " Greenholtz v. Nebraska Penal Inmates 442 U.S. 1, 16 (1979). Thus, where, as here an inmate had advance written notice of his parole hearing, had an opportunity to be heard and to submit materials for the Board's consideration, and had access to the materials submitted to the Board for its consideration by others, he has been "afforded all the due process protection that is required." Jancsek, 833 F.3d at 1390.
 
 
 7
 Wilkerson's claim is also invalid to the extent that his petition can be broadly interpreted to include an attack on the sufficiency of the evidence supporting the Board's finding of his unsuitability for parole. A decision to deny parole need only be supported by "some evidence" to satisfy the requirements of due process. See Jancsek, 833 F.2d a11390 (citing Superintendent v. Hill, 472 U.S. 445, 455-56 (1985) ("The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact.") "Additionally, the evidence underlying the board's decision must have some indicia of reliability." Jancsek, 833 F.2d at 1390.
 
 
 8
 In this case, the Board's decision was clearly supported by "some evidence" that bore "indicia of reliability." To begin with, the Board partly rested its decision on the undisputed fact that Wilkerson had been disciplined by prison authorities almost six dozen times for misconduct. An inmate's misconduct while in prison is a valid circumstance tending to show unsuitability for parole. See 15 Cal Admin. Code § 2281(c); In re Seabock, 189 Cal.Rptr. 310, 314-17, 316 n. 8 (Cal.Ct.App.1983) (affirming the Board's procedures and regulations governing suitability of parole decisions).
 
 
 9
 The Board's decision was also based on an unfavorable psychiatric report. Although Wilkerson contests the psychiarist's statement that Wilkerson showed no remorse for his victim, "[t]he review of, and conclusions derived from, the report fall solely within the province of the trier of fact, in this case, the [Board]." Powell v. Gomez, 33 F.3d 39, 41 (9th Cir.1994)' (finding that evidence contained in a psychiatric report submitted to the Board contained "some" "reliable" evidence sufficient to support Board's decision to rescind parole). As in Powell, the Board here "had the opportunity to evaluate the [credibility] of the author of the report"--evidence that this court cannot reweigh. Id. at 41-42.
 
 
 10
 The Board's decision in this case was additionally based on its finding that Wilkerson's commitment offense "was carried out in a manner which exhibits a callous disregard for the life and suffering of another." The heinous or cruel nature of the commitment offense is a valid basis for an unsuitability finding by the Board. See 15 Cal. Admin. Code § 2281(c); Seabock, 189 Cal.Rptr. at 313-14 (finding that the nature of an inmate's commitment offense is a circumstance supporting finding of unsuitability for parole). The excerpts from the trial transcript submitted to the Board reveal that Wilkerson kidnapped, robbed and sexually assaulted his victim while holding a sawed-off shotgun to her head. The trial transcript thus clearly provides "some evidence" that is reliable on which the Board could have based its parole decision
 
 II. Equal Protection
 
 11
 Wilkerson's claim that he was deprived of equal protection of law because the Board failed to promptly and affirmatively fix the primary term of his sentence also has no merit. Under the rule of Rodriguez, Wilkerson's primary term was set by default at the maximum term of his sentence. 537 P.2d at 395 n. 18. Wilkerson has therefore failed to allege how the Board effectively treated him any differently from other similarly situated inmates. See People v. Ordonez, 277 Cal.Rptr. 382, 400 (Cal.App.1991) ("The right to equal protection mandates that persons who are similarly situated with respect to the purpose of a law receive like treatment").
 
 III. Cruel and Unusual Punishment
 
 12
 Finally, a life sentence for the offense of kidnapping for robbery is not cruel and unusual punishment under either the Eighth Amendment of the U.S. Constitution or Article 1, § 17 of the California Constitution. A Sentence that is "grossly disproportionate" to the crime for which a defendant was convicted may violate the Eighth Amendment. See Harmlin v. Michigan, 501 U.S. 957, 1001 (1991) (Kennedy J., concurring). A sentence that "is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity" may violate article I, § 17 of the California Constitution. In re Lynch, 503 P.2d 921, 930 (Cal.1972).
 
 
 13
 The California courts have consistently held that a sentence of life imprisonment without the possibility of parole does not per se constitute cruel and unusual punishment for the offense of kidnapping for robbery when the victim suffers death or bodily harm. See, e.g., People v. Crooks, 64 Cal.Rptr.2d 236, 242-43 (Cal.Ct.App.1997); Cal.Penal Code § 209(a). For similar reasons, the lesser punishment of life imprisonment with the possibility of parole is not constitutionally disproportionate to the lesser offense of kidnappirg for robbery where the victim does not suffer bodily harm. Cal Penal Code § 209(b); cf. Crooks, 64 Cal.Rptr.2d at 243 (finding that if offenses such as aggravated kidnapping for robbery absent victim's death may be punished by life without the possibility of parole without offending bar against cruel and unusual punishment, it cannot offend the constitution to punish combination of offenses with life imprisonment with the possibility of parole).
 
 
 14
 Moreover, Wilkerson failed to show that a primary term of life is constitutionally disproportionate to his individual culpability. As a petitioner challenging the constitutionality of his sentence, Wilkerson must show that (1) the punishment is not warranted in light of the specific circumstances of his offense, (2) that the punishment imposed by the California Penal Code for his offense is harsher than that imposed for more serious offenses, and (3) that the punishment imposed by the California Penal Code for his offense is harsher than that imposed in other jurisdictions for the same offense. See Crooks, 64 Cal.Rptr.2d at 241-13 (citing People v. Thomson, 29 Cal.Rptr.2d 847, 850 (Cal.1994) and Lynch, 503 P.2d at 930-31).
 
 
 15
 The constitutionality of life imprisonment for the crime of kidnapping for robbery or ransom has been consistently upheld because it is an offense that involves "inherent danger to the life of the victim" and, as such, is "particularly heinous even if no death occurs." Id. at 242. In this case; Wilkerson kidnapped, robbed, and sexually assaulted his victim while holding a sawed-off shotgun to her head. His offense therefore involved "inherent danger to the life" of his victim and was "particularly heinous." Under such circumstances, Wilkerson failed to show that his implicit primary term of life was grossly disproportionate to his offense and his individual culpability.
 
 
 16
 Finally, Wilkerson made no showing at all that his sentence was harsher under California law than that imposed for more serious offenses or that his sentence was harsher than that imposed for the same offense in other jurisdictions. Accordingly, Wilkerson failed to prove that the Length of his primary term constitutes cruel and unusual punishment under either the federal or California constitution.
 
 
 17
 In sum, the district court did not err in dismissing Wilkerson's habeas corpus petition because Wilkerson's rights to due process, equal protection and to be free of cruel and unusual punishment were not violated when the primary term of his sentence was set by default at: life imprisonment.[1]
 
 
 18
 AFFIRMED.
 
 
 
 **
 The panel unanimously found this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Wilkerson filed a motion for an order appointing counsel pursuant to 28 U.S.C. § 1915(d) and 18 U.S.C. § 3006A(g), in which he emphasized his intention to orally argue this matter before this court. Because (1) this matter was submitted on the briefs without oral argument, (2) the state made no appearance in this case, (3) Wilkerson is well able to "articulate his claims pro se in light: of the complexity of the legal issues involved," and (4) his petition cannot succeed on the merits, Wilkerson failed to show "exceptional circumstances" warranting appointment of counsel on petition See Richards v. Harper, 864 F.2d 85, 87 (9th Cir.1988); see also Weyqandt v. Look, 718 F.2d 952, 954 (9th Cir.1983) (finding determination of necessity of appointment of counsel on appeal "inextricably enmeshed" with adjudication of merits of underlying claim). His motion is therefore denied