Charles W. THOMPSON, Petitioner–
Appellant,

v.

Anthony NEWLAND and California
Attorney General, Respondents–
Appellees.

No. 99–17262.

D.C. No. CV–98–01832–FCD.

United States Court of Appeals,
Ninth Circuit.

Submitted May 14, 2001.[*]

Decided May 25, 2001.

Before PREGERSON, FERNANDEZ
and WARDLAW, Circuit Judges.

MEMORANDUM [**]

Charles W. Thompson appeals pro se
the district court's dismissal of his 28
U.S.C. § 2254 habeas petition challenging
the sentence imposed following his murder
conviction. We have jurisdiction pursuant
to 28 U.S.C. § 2253, and we affirm.

The district court granted a certificate
of appealability on the issues of whether
(a) the California Board of Prison Terms
("Board") illegally "set fixed" Thompson's
term at life imprisonment, and (b) whether
the process applied to Thompson's case
was improper. Thompson contends the
Board: (1) failed to set a "primary term"
at less than the maximum life sentence;
(2) failed to set a parole release date; and
(3) improperly applied the process of de-
termining his parole eligibility. We review
de novo the district court's dismissal of a
section 2254 petition. See Miles v. Prun-
ty, 187 F.3d 1104, 1105 (9th Cir.1999).

The Board's actions did not violate
Thompson's due process rights because
the fact that the Board did not set a
primary term at less than the maximum
life sentence did not deprive Thompson of
judicial review of the constitutionality of
his sentence. See Jancsek v. Oregon Bd.
of Parole, 833 F.2d 1389, 1390 (9th Cir.
1987) (concluding defendant received ade-
quate due process based on sufficient evi-
dence to support the Board's decision); In
re Rodriguez, 14 Cal.3d 639, 122 Cal.Rptr.
552, 537 P.2d 384, 395 n. 18 (Cal.1975)
(stating that if the Board does not prompt-
ly fix a primary term "the court will deem
it to have been fixed at the maximum").
Furthermore, because Thompson has been
deemed unsuitable for parole, the Board
did not violate Thompson's due process
rights by not setting a parole date. See
Cal.Code Regs. tit. 15 §§ 2401, 2402(c)
(2000); see generally Connor v. Estelle,
981 F.2d 1032, 1033 (9th Cir.1992) (per
curiam).

Moreover, Thompson received all the
process that was due in parole eligibility
proceedings. See Jancsek, 833 F.2d at
1390; see also Greenholtz v. Nebraska Pe-
nal Inmates, 442 U.S. 1, 16, 99 S.Ct. 2100,
60 L.Ed.2d 668 (1979) (holding that parole
procedure satisfies due process if it "af-
fords an opportunity to be heard, and
when parole is denied, it informs the in-
mate in what respects he falls short of
qualifying for parole..."). The record

---

[*] The panel unanimously finds this case suitable
for decision without oral argument. See Fed.
R.App. P. 34(a)(2).

here shows that there was "some basis in fact" supported by "some indicia of reliability" to support the Board's denial of parole. *See Jancsek,* 833 F.2d at 1390. The district court, therefore, properly dismissed Thompson's habeas petition. *See id.* at 1389.

AFFIRMED.[1]

---

1. Thompson's motion for appointment of counsel is DENIED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

