**Charles E. TURNER, Petitioner–Appellant,**

v.

**A.C. NEWLAND, Respondent–Appellee.**

No. 99–56643.

D.C. No. CV–99–01339–JNK.

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 2001.*

Decided June 25, 2001.

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM **

California state prisoner Charles E. Turner appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review a district court's denial of a habeas petition de novo, *see Duhaime v. Ducharme*, 200 F.3d 597, 600 (9th Cir.1999), and we affirm.

Turner raised several issues in the district court challenging the constitutionality of California's Board of Prison Terms' ("BPT") authority, and their decision to deny his parole eligibility. The district court denied the petition and granted a certificate of appealability ("COA") on the sole issue of Turner's alleged "forced participation in Narcotics Anonymous program and the resulting violation of his due process rights by the BPT."

On appeal, Turner raises the same claims. However under 28 U.S.C. § 2253(c)(3), his appeal is limited to issues for which a COA has been granted. Because this court has already denied Turner's request for a broader COA, we decline to address any claims outside of the scope of the district court's limited COA. *See Hiivala v. Wood*, 195 F.3d 1098, 1102–03 (9th Cir.1999) (per curiam), *cert. denied*, 529 U.S. 1009, 120 S.Ct. 1281, 146 L.Ed.2d 228 (2000).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Turning to the one claim for which the COA has been granted, we agree with the district court that Turner's due process rights were not violated as the BPT's decision to deny parole based on the callous nature of the offense, Turner's unstable social history, drug abuse and escalating history of criminal conduct is sufficient to support the denial of parole. *See Morales v. California Dept. of Corrections,* 16 F.3d 1001, 1005 (9th Cir.1994), *overruled on other grounds,* 514 U.S. 499, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995) (affirming the denial of parole based on similar factors); *Jancsek v. Oregon Board of Parole,* 833 F.2d 1389, 1390 (9th Cir.1987) (affirming denial of parole based on callous nature of the crime).

AFFIRMED.[1]

---

1. In deciding this appeal the panel considered issues raised in Appellant's reply brief filed on May 8, 2001. All outstanding motions are denied.

