**Ronald Albert WILLIS, Petitioner–Appellee,**

v.

**A.P. KANE, Warden, Respondent–Appellant.**

No. 07–15893.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2007 *.

Filed Nov. 19, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

---

Rich Pfeiffer, Esq., Santa Ana, CA, for Petitioner–Appellee.

Jessica N. Blonien, Esq., Office of the California Attorney General, Sacramento, CA, for Respondent–Appellant.

Before: FERNANDEZ and McKEOWN, Circuit Judges, and KORMAN,** District Judge.

### MEMORANDUM***

A.P. Kane, Warden at the Correctional Training Facility at Soledad, California, appeals the district court's grant of Ronald Albert Willis's petition for habeas corpus relief. *See* 28 U.S.C. § 2254. We reverse.

The district court erred when it granted the petition and issued the writ on the basis that when the California Board of Prison Terms denied Willis parole, it violated Willis's due process rights under the

United States Constitution. *See Bd. of Pardons v. Allen,* 482 U.S. 369, 375–76, 107 S.Ct. 2415, 2419, 96 L.Ed.2d 303 (1987); *Sass v. Cal. Bd. of Prison Terms,* 461 F.3d 1123, 1127–28 (9th Cir.2006). In deciding the issue before us, we follow our prior cases, which have held that to meet the due process standard there must be some evidence to support the decision to deny parole. *See Irons v. Carey,* 505 F.3d 846, 850–51 (9th Cir.2007); *Sass,* 461 F.3d at 1128–29; *Biggs v. Terhune,* 334 F.3d 910, 915 (9th Cir.2003); *Jancsek v. Or. Bd. of Parole,* 833 F.2d 1389, 1390 (9th Cir. 1987); *see also McQuillion v. Duncan,* 306 F.3d 895, 904 (9th Cir.2002).[1] Here there certainly was some evidence.

While there may be some cases where the facts and circumstances of the murder have ceased to supply "some evidence" that the defendant remains a danger,[2] this is not one of them. Willis's brutal beating of his 19–month–old daughter over a period of two days, his failure to seek medical help when her behavior and illness showed the severe effects of those beatings, and his ultimate discarding of her body in a dumpster bespeak a viciousness, callousness and indifference to innocent human life that can be seen as some evidence of a continuing danger to the safety of the public.[3] Of course, it is not our task to balance the evidence and determine whether we agree with the ultimate decision. *See Sass,* 461 F.3d at 1128. Our task is simply

---

** The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Kane argues that clearly established Supreme Court law *does not require* that there be some evidence. But we are in no position to overturn our prior cases. *See United States v. Gay,* 967 F.2d 322, 327 (9th Cir.1992).

2. *See Irons,* 505 F.3d at 853–54; *Biggs,* 334 F.3d at 917; *see also In re Rosenkrantz,* 29 Cal.4th 616, 682–83, 59 P.3d 174, 222, 128 Cal.Rptr.2d 104, 161 (2002); *cf. Sass,* 461 F.3d at 1129 (stating that courts should not speculate about future cases).

3. If more were needed, Willis's failure to continue with AA activities in prison is some additional evidence that he does not quite understand his need for that sort of support before he leaves prison and enters what will undoubtedly be a stressful world for him.

to decide whether some evidence exists; here it does.

REVERSED.